THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TERRY CALHOUN, Defendant-Appellant.

Third District   No. 74-227

Opinion filed June 9, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (James Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant, Terry Calhoun, was indicted for the offense of murder. The indictment arose out of a shooting incident occurring on November 4, 1972, which resulted in the death of Frank Smith. Defendant shot and killed Frank Smith after Smith had confronted and argued with defendant's sister and mother on a dance floor. Calhoun claimed that his sister had informed him that Smith had obtained a pistol which he was carrying on his right rear side. As Smith approached the defendant and moved his hand toward his right rear side the defendant fired a shot at the ceiling. When Smith indicated that he had missed him, the defendant fired again this time hitting and killing Smith. No gun was found on Smith.

On January 18, 1973, defendant pled guilty to the offense of voluntary manslaughter and was sentenced to the Department of Corrections for a period of not less than 3 nor more than 9 years. On March 25, 1974, Calhoun filed a petition for post-conviction relief, pro se. Later counsel was appointed to represent him and an amended petition was filed. After an evidentiary hearing, the trial judge dismissed the amended petition for post-conviction relief and defendant appealed.

The sole issue presented for review is whether the record of defendant's guilty plea affirmatively demonstrates that his plea to voluntary manslaughter was knowingly and voluntarily entered. Resolution of whether his amended petition for post-conviction relief was properly denied depends upon whether defendant was adequately admonished concerning the nature of the charge of voluntary manslaughter to which he pled guilty.

Defendant asserts that he was confused by the court's admonishments concerning the nature of the charge to which he pled guilty and was sentenced. He claims the court made mention of the offense of "manslaughter" in a general sense without explaining whether referring specifically to voluntary or involuntary manslaughter. Furthermore he contends that the trial judge erroneously combined the elements and definitions of involuntary manslaughter with those of voluntary manslaughter in his attempt to explain the nature of the charge of "manslaughter." The following colloquy took place at the proceedings where defendant's guilty plea was entered:

> "MR. GOULD [Assistant State's Attorney]: Your Honor, we have engaged in negotiations in this case whereby the Defendant would plead guilty to the *included offense in Count I of Voluntary Manslaughter, Paragraph 9—2, Chapter 38, Illinois Revised Statutes.*
>
> THE COURT: Is that correct, Mr. Davidson?
>
> MR. DAVIDSON [Defense Counsel]: That is correct.
>
> THE COURT: You know about this, Mr. Calhoun?

DEFENDANT CALHOUN: Yes.

THE COURT: Your lawyer and the State's Attorney has [*sic*] discussed this case and they have entered into negotiations as a result of which you would plead. You understand that?

DEFENDANT CALHOUN: Yes.

THE COURT: You understand that the Judge did not initiate these negotiations—that was a matter they [*sic*] started between your lawyer and the State's Attorney. You understand that?

DEFENDANT CALHOUN: Yes.

THE COURT: If you are going to plead guilty to the included offense of *Manslaughter*—you are charged in this case with the offense of Murder and they say that you killed Frank J. Smith—that you did it with intent to kill Frank J. Smith—that you did with intent to kill Frank J. Smith shoot and kill Frank J. Smith without lawful justification. That is the charge. That is murder. You are not pleading guilty to Murder.

MR. DAVIDSON: I talked to my client out in the hall. You are pleading guilty to Manslaughter.

THE COURT: Manslaughter means that you did kill Frank J. Smith but you did it under circumstances where you didn't have any legal justification, but you did it under circumstances where it was not premeditated and where the circumstances were such it was irresponsible and reckless. That is what you would be pleading guilty to. You understand that?

DEFENDANT CALHOUN: Yes.

\* \* \*

THE COURT: \* \* \* Plea of guilty is accepted by the Court to the charge of the included offense of *Voluntary Manslaughter.* Judgment of conviction on the plea that the Defendant is guilty of Voluntary Manslaughter in that he shot and killed Frank J. Smith without lawful justification or any reasonable grounds." (Emphasis added.)

■■ We are aware of the recent interpretations requiring only substantial compliance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402(a)(1)). *People v. Cole,* 34 Ill. App. 3d 752, 340 N.E.2d 209 (1975); *People v. Roberts,* 27 Ill. App. 3d 489, 326 N.E.2d 116 (1975); *People v. Krantz,* 58 Ill. 2d 187, 317 N.E.2d 559 (1974).) In proceedings under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1971, ch. 38, par. 122—1 *et seq.),* courts are limited in the scope of issues considered to those involving substantial deprivations of constitutional magnitude. (*People v. Newberry,* 55 Ill. 2d 74, 302 N.E.2d 34 (1973); *People v. Holvey,* 17 Ill. App. 3d 809, 308 N.E.2d 622 (1974).) We discussed at great length, in *People v. Cole,* Supreme Court Rule 402 and the substantial

compliance required with it. Each and every literal violation of Supreme Court Rule 402 is not per se a substantial denial of a defendant's constitutional rights.

■■ We have examined the record made at the time of the entry of the guilty plea and are satisfied from all the circumstances present that Calhoun pled guilty knowingly and voluntarily. Admittedly there existed a possibility of confusion when the trial judge incorrectly intermixed the elements of the offense of involuntary manslaughter with those of voluntary manslaughter in explaining the latter to defendant. The possibility of confusion was remote and we are convinced that defendant was not misled nor confused by the statements of the trial judge when viewed in their proper context.

Calhoun had two retained attorneys present throughout the guilty plea proceedings. At the beginning of the hearing the assistant State's attorney informed the court that both sides, through plea negotiations, had arrived at an agreement whereby defendant would plead guilty to the included offense in Count I of the murder indictment, that is the offense of voluntary manslaughter (Ill. Rev. Stat., ch. 38, par. 9—2). One of defendant's attorneys stated that he had talked to his client concerning the guilty plea. The court inquired of both the defendant and his attorney if they were aware of the plea negotiations and if the assistant State's attorney's recital of the terms of their proposed agreement was correct. Both responded affirmatively. The court then went on to explain to defendant that the plea negotiations had been initiated by the defendant's lawyer and the State's attorney, not by the court and that as a result of these negotiations defendant would plead guilty. Calhoun responded that he understood.

Despite the general description of "manslaughter" used interchangeably with "voluntary manslaughter" by the trial judge, an accurate explanation of the offense to which Calhoun was to plead was given. Both at the very beginning and at the end of these courtroom proceedings the trial judge named the offense of voluntary manslaughter as the offense to which Calhoun was pleading guilty.

■■ The defendant initiated plea negotiations, bargained for and received a sentence which was within the bounds of any possible sentence he could have received for either voluntary or involuntary manslaughter in light of his prior felony conviction. Defendant claims no prejudice nor has he shown any prejudice. We believe defendant induced the State's attorney and the trial court by his conduct in initiating and participating in plea negotiations to impose a lesser sentence for a lesser crime than that charged in the indictment. This conduct would estop the defendant from now claiming he did not fully comprehend the nature of the offense to

which he was entering a guilty plea. The record indicates to the contrary that he fully understood and entered his plea voluntarily. (See *People v. Robinson*, 63 Ill. 2d 141, 345 N.E.2d 465 (1976).)

For the foregoing reasons the dismissal of defendant's post-conviction petition is affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.