THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* AUGUSTO COSEY, Petitioner-Appellant.

First District (2nd Division)    No. 77-857

Opinion filed November 21, 1978.—Rehearing denied January 3, 1979.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE BROWN delivered the opinion of the court:

Petitioner, Augusto Cosey, appeals from the judgment of the circuit court of Cook County dismissing his amended petition for post-conviction relief. The petition sought to set aside a negotiated plea of guilty to armed robbery and unlawful use of weapons, entered on May 5, 1975, on the ground that the plea was not entered knowingly and voluntarily. The issue on appeal is whether the failure to inform the petitioner that specific intent was an element of each offense and that each conviction carried a mandatory parole term resulted in a substantial deprivation of his constitutional rights which would render his guilty pleas involuntary. The pertinent facts follow.

By three indictments, petitioner, Augusto Cosey, was charged with the commission of two armed robberies (Ill. Rev. Stat. 1973, ch. 38, par. 18—2) and the offense of unlawful use of weapons within five years after conviction of a felony (Ill. Rev. Stat. 1973, ch. 38, par. 24—1).

At the trial on May 9, 1975, counsel for the petitioner indicated to the court that petitioner, as a result of a conference, wished to withdraw his previously entered pleas of not guilty, and to enter guilty pleas as to all three charges. Counsel further stated that the understanding of the petitioner was that if he entered a plea of guilty to all charges, he would receive sentences of five to ten years on each of the armed robberies and one to ten years on the unlawful use of weapons charge, all sentences to run concurrently.

The court then informed the petitioner that he was charged with the commission of two armed robberies, and the offense of unlawful use of a

weapon within five years after conviction of a felony. The court further informed the petitioner of the minimum and maximum possible sentences for each conviction and that each sentence could run consecutively or concurrently. The petitioner stated that he understood. The court further admonished petitioner that by pleading guilty he was giving up his right to trial by jury and the right to subpoena witnesses and compel those giving testimony against him to do so in open court and to subject themselves to cross-examination. The petitioner then acknowledged that no threats or promises had been made in order to obtain his guilty pleas.

Following this, the court discussed the proffered plea agreement with the petitioner. Petitioner agreed that his understanding of the plea bargain was the same as set forth by the court. The court then obtained the underlying factual basis of each charge from the Assistant State's Attorney. The facts were stipulated as accurate by the petitioner. No one advised the petitioner that a mandatory period of parole would be part of the sentence imposed and that he could be held subject to the jurisdiction of the Pardon and Parole Board pursuant to section 5—8—1(e) of the Unified Code of Corrections'(Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)).

After having determined that the petitioner understood the charges and sentencing provisions and that the plea had not been coerced, the court entered findings of guilty on all three charges and, in conformity with the plea negotiations, sentenced him to concurrent terms of imprisonment of five to ten years on each of the charges of armed robbery, and one to ten years for the offense of unlawful use of weapons. No appeal was taken.

On July 29, 1975, petitioner filed a pro se petition seeking relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 et seq.). On April 1, 1976, the State filed a motion to dismiss the petition. On August 26, 1976, petitioner filed an amended petition alleging that his constitutional rights were violated at his hearing in that the court did not inform him that the Unified Code of Corrections required a mandatory parole term, nor did the court inform him that the offenses with which he was charged were crimes requiring specific intent.

On August 26, 1976, the court dismissed the petition on the ground that there was no constitutional violation and, therefore, no alleged ground upon which to base relief under the Post-Conviction Hearing Act. Petitioner filed a timely notice of appeal.

Petitioner contends that his pleas of guilty were not intelligently and voluntarily given because he was not informed that armed robbery and unlawful use of weapons were specific intent crimes and that a conviction on each charge carried a mandatory parole term. He further maintains that the allegations in his petition raise constitutional issues so that it was

error for the trial court to dismiss the petition without a hearing, and further, that this court should vacate the pleas entered to allow the petitioner to go to trial. The State replies that there was no error of a constitutional dimension in the plea hearing and, therefore, the dismissal of the petition was proper.

■■ Under the Post-Conviction Hearing Act, this court is limited to a consideration of only those issues which involve substantial deprivations of a constitutional right. (*People v. Calhoun* (3d Dist. 1976), 39 Ill. App. 3d 204, 349 N.E.2d 135.) *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, sets forth the constitutional requirements for accepting guilty pleas in State court proceedings. The Illinois Supreme Court in *People v. Reeves* (1971), 50 Ill. 2d 28, 29, 276 N.E.2d 318, stated that:

> "*Boykin* adds the requirement that if the guilty plea is to withstand appellate or post-conviction review 'the record must affirmatively disclose that the defendant who pleads guilty enters his plea understandingly and voluntarily.' [Citations.]"

Unlawful use of weapons is a specific intent crime in that the accused must knowingly carry or possess the weapon. Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10), (b).

Armed robbery, at the time petitioner was convicted, was considered to be an offense which did not require proof of specific intent. (*People v. Burks* (2d Dist. 1975), 29 Ill. App. 3d 74, 79, 331 N.E.2d 581.) In 1977, the Illinois Supreme Court in *People v. White* (1977), 67 Ill. 2d 107, 115, 365 N.E.2d 337, decided that "at the time of the enactment of the Criminal Code of 1961 intent was an element of the crimes of robbery and armed robbery." The opinion is not clear as to whether its effect is prospective only or retroactive.

Assuming arguendo that *White* is retroactive and that armed robbery was a specific intent crime at the time of petitioner's conviction, under Illinois law, a defendant need not be informed of every element of a charged offense before a guilty plea may be accepted and the failure to so inform the defendant is not a violation of his constitutional rights. Under Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402), which sets forth the guidelines to be followed by a trial court in accepting a guilty plea, only the nature of the charge is necessary and not each and every element.

In *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559, our supreme court stated that the remarks and advice of the court must be read in a practical and realistic manner. All that is necessary to meet the essentials of informing the accused of the nature of the charge is that an ordinary person in the circumstances of the accused would understand what the charges are. In that case defendant was informed only of the

name of the charge—forgery. In *People v. Robinson* (1976), 63 Ill. 2d 141, 146, 345 N.E.2d 465, the supreme court again held that "[w]hen a defendant is represented by counsel and enters a plea of guilty pursuant to a plea agreement it is appropriate to inform him of the nature of the charge by naming the offense." (See also *People v. James* (1st Dist. 1977), 51 Ill. App. 3d 541, 366 N.E.2d 1082.) This court held in *People v. Willis* (1st Dist. 1977), 50 Ill. App. 3d 498, 365 N.E.2d 597, that advising the defendant of the specific nature of the charges is not constitutionally mandated.

Petitioner erroneously cites *Henderson v. Morgan* (1976), 426 U.S. 637, 49 L. Ed. 2d 108, 96 S. Ct. 2253, as authority for his position. The issue presented there was whether the defendant could enter a voluntary plea of guilty to a charge of second degree murder without being informed that intent to cause death of the victim is an element of the offense. The State in that case contended that, "[i]nstead of testing the voluntariness of a plea by determining whether a ritualistic litany of the formal legal elements of an offense was read to the defendant, * * * the court should examine the totality of the circumstances and determine whether the substance of the charge, as opposed to its technical elements, was conveyed to the accused." (*Henderson*, 426 U.S. 637, 644, 49 L. Ed. 2d 108, 114, 96 S. Ct. 2253, 2257.) In answering that contention, the court stated that it did not disagree with the argument of the State, but that under the record in that case, they were persuaded, even under the above test, that the judgment finding the defendant guilty was defective. Therefore, in our view, *Henderson* holds that if under the totality of the circumstances the accused did not understand the nature of the charges, the guilty pleas are rendered involuntary.

■■ In the instant case, petitioner was told the name of each charge and the possible sentences. The petitioner indicated that he understood. The factual basis of each charge was then read into the record and petitioner stipulated that the facts were true and accurate. The court found the facts to be sufficient to support the guilty pleas of the petitioner. The record is clear that the petitioner was informed of and understood the nature of the charges. We, therefore, find that the guilty pleas were entered intelligently and voluntarily.

● 3 Petitioner's next contention is that the failure to admonish him of the mandatory parole term required to be part of the sentence for each conviction compels the conclusion that he did not exercise a considered choice in waiving his constitutional rights on his plea. He relies on three Federal court decisions. (*United States ex rel. Robinson v. Israel* (7th Cir. 1978), 581 F.2d 1276; *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180; *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185.) Initially we point out that decisions of Federal courts, other than United States Supreme Court decisions, concerning

questions of constitutional law are not binding on Illinois courts. *People v. Spahr* (4th Dist. 1978), 56 Ill. App. 3d 434, 438, 371 N.E.2d 1261.

Therefore, this court must first consider the decisions of Illinois courts concerning this issue. In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, our supreme court held that the trial judge must advise a defendant of a mandatory parole term accompanying an offense before accepting his guilty plea under Supreme Court Rule 402. The court further held that this requirement applied prospectively to guilty pleas taken subsequent to May 19, 1975. Thus, the holding is not applicable to petitioner who pleaded guilty on May 9, 1975. (See *People v. Tate* (2d Dist. (1976), 37 Ill. App. 3d 358, 346 N.E.2d 79; *People v. Miller* (1st Dist. 1976), 36 Ill. App. 3d 943, 344 N.E.2d 760; *People v. Barringer* (5th Dist. 1976), 35 Ill. App. 3d 295, 341 N.E.2d 386.) The supreme court, in its supplemental opinion in *Wills*, stated that the procedural change involved in that case involved no constitutional issue or standard.

Following *Wills*, this court held in *People v. Cox* (1st Dist. 1976), 44 Ill. App. 3d 945, 358 N.E.2d 1313, that the failure to admonish a defendant concerning a mandatory parole term is not a constitutional deprivation, but only one of the factors in determining whether the plea was voluntarily and intelligently entered under the requirements of *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709. See also *People v. Irons* (5th Dist. 1977), 54 Ill. App. 3d 50, 369 N.E.2d 558 (decided after *Baker v. Finkbeiner* and *Ferris v. Finkbeiner*).

Thus, under Illinois law, the failure to admonish petitioner concerning the mandatory parole terms is not a violation of a constitutional right. The only issue to be considered is whether the pleas were entered intelligently and voluntarily.

The petition does not contain any other allegations that petitioner was not fully admonished of the consequences and advised of his rights at the time his guilty pleas were entered. Nothing suggests that petitioner entered his plea other than intelligently and voluntarily, except as to the mandatory parole terms. As to this, no constitutional question is raised. After reviewing the entire record, we conclude that there was substantial compliance with Supreme Court Rule 402, as applied prior to the *Wills* decision, and that petitioner's pleas were intelligently and voluntarily entered.

The judgment of the circuit court dismissing the amended petition for post-conviction relief is affirmed.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.