THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* DAVID McCOLLUM, Petitioner-Appellant.

First District (4th Division)    No. 78-567

Opinion filed April 12, 1979.

James J. Doherty, Public Defender, of Chicago (Richard D. Kharas, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Linda Dale Woloshin, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Petitioner, David McCollum, appeals from an order of the circuit court of Cook County dismissing his petition for post-conviction relief. The issue presented on appeal is whether the trial court's erroneous admonition of the length of the period of parole attached to petitioner's sentence rendered his guilty pleas involuntary, in violation of Supreme Court Rule 402 (a) (2) (Ill. Rev. Stat. 1973, ch. 110A, par. 402 (a) (2) ) and petitioner's constitutional right to due process.

We affirm the judgment of the trial court dismissing the post-conviction petition.

On January 23, 1973, following plea negotiations, petitioner pleaded guilty to two indictments for armed robbery (Ill. Rev. Stat. 1973, ch. 38, par. 18—2), and received the agreed sentence of concurrent four- to five-year terms on each charge. Before accepting the guilty pleas, the trial court advised petitioner that the recommended sentence "carries with it a

parole term of three years in addition to the term of imprisonment unless it is waived by the Department of Corrections." It is undisputed that the sentence imposed carried with it a mandatory five-year period of parole rather than a discretionary three-year period as stated by the trial court. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1 (e) (1).

On June 10, 1974, petitioner filed a *pro se* petition seeking relief under the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1). Thereafter, represented by an assistant public defender, petitioner filed a supplemental petition. As supplemented, the petition alleged that because the trial court misstated the length of the period of parole accompanying his sentence, petitioner's pleas of guilty were entered without full understanding of the consequences. On March 12, 1975, the trial court granted the State's motion to dismiss the post-conviction petition.

OPINION

Petitioner contends that the trial court's erroneous admonition of the length of the mandatory parole term attached to his sentence, rendered his pleas involuntary in violation of Rule 402 (a) (2) and petitioner's right to due process. The State argues that an examination of the entire record indicates the guilty pleas were voluntarily and intelligently made in substantial compliance with Rule 402.

Initially, we note that post-conviction relief is merited only if the petitioner can show "that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 122—1.) Thus, we are limited to considering matters which are of a constitutional dimension. (*People v. Vail* (1970) 46 Ill. 2d 589, 264 N.E.2d 201; *People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420.) As set forth in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, the constitutional requirements for accepting guilty pleas in State court proceedings are that the pleas must be understandingly and voluntarily entered. Rule 402, designed to implement the *Boykin* requirements, sets out the guidelines to be followed by the trial court in accepting guilty pleas.

In *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, our supreme court held that compliance with Rule 402 (a) (2), requires that before accepting a plea of guilty, the trial court must admonish a defendant that a mandatory period of parole accompanies his sentence. The supreme court directed in the *Wills* opinion that its holding was to apply prospectively, to pleas accepted after May 19, 1975. Because the

petitioner in this case entered his guilty pleas on January 23, 1973, the *Wills* holding does not apply in this instance.

The standard applicable to pre-*Wills* guilty pleas was set out in *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559. Under *Krantz,* substantial rather than literal compliance with Rule 402 was required, and substantial compliance did not require informing a defendant that a mandatory period of parole accompanied his sentence.

■■■ Illinois appellate courts have consistently held that the absence or incompleteness of a parole admonition in a pre-*Wills* guilty plea is insufficient to warrant post-conviction relief.[1] In a case factually similar to the instant appeal, *People v. Cox* (1976), 44 Ill. App. 3d 945, 359 N.E.2d 1313, the trial court advised the petitioner that the court had authority to impose a parole term but failed to inform the petitioner that a mandatory parole term accompanied his sentence. On appeal from the dismissal of the post-conviction petition, the court held that the incomplete admonition was not a constitutional infirmity, but only one factor to be considered in determining whether the plea was voluntarily and intelligently entered under the requirements of *Boykin.* The same result has been reached where no parole admonition has been given. See *People v. Cosey* (1978), 66 Ill. App. 3d 670, 384 N.E.2d 95; *People v. Irons* (1977), 54 Ill. App. 3d 50, 369 N.E.2d 558; *People v. Miller* (1976), 36 Ill. App. 3d 943, 344 N.E.2d 760.

Petitioner argues that the cases involving the absence or incompleteness of a parole admonition can be distinguished. We disagree. The erroneous admonition given here cannot be said to be more misleading than the absence or incompleteness of a parole admonition in the cases cited above. At least in this instance, the petitioner was informed that a period of parole accompanied his sentence, albeit a shorter period than was actually required by statute. Under the Illinois law applicable to this case, the erroneous admonition raises no constitutional question (see *People v. Briner* (1978), 57 Ill. App. 3d 327, 373 N.E.2d 33; *People v. Irons* (1977), 54 Ill. App. 3d 50, 369 N.E.2d 558), but is one factor to be considered in determining whether petitioner's pleas were intelligently and voluntarily entered.

The record, as a whole, indicates that the petitioner was in all respects other than the length of the period of mandatory parole, fully and correctly admonished of the consequences of his pleas. Before

---

[1] We are aware of contrary Federal court decisions. (See *United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F. 2d 180; *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F. 2d 185; *United States ex rel. Williams v. Morris* (N.D. Ill. 1978), 447 F. Supp. 95.) However, the decisions of the Federal courts concerning questions of constitutional law are not binding on Illinois courts. *People v. Cosey* (1978), 66 Ill. App. 3d 670, 384 N.E.2d 95; *People v. Spahr* (1978), 56 Ill. App. 3d 434, 371 N.E.2d 1261.

accepting the guilty pleas, the trial court advised petitioner of the nature of the charges against him. The court further informed the petitioner of the possible minimum and maximum sentences for each conviction. The court admonished petitioner that by pleading guilty he waived the right to trial by jury and the right to confront witnesses against him. The petitioner stated that he understood and confirmed that his pleas were voluntarily made. The court then discussed the plea agreement with petitioner. Petitioner acknowledged that he understood the recommended sentence and that in exchange for his pleas the court would quash a prior probation violation. Finally, the Assistant State's Attorney outlined the factual basis for each charge and the facts were stipulated as accurate by the petitioner. After reviewing the entire record, we conclude that the trial court substantially complied with Rule 402, and that petitioner's pleas were intelligently and voluntarily entered.

The judgment of the circuit court dismissing the petition for post-conviction relief is affirmed.

Affirmed.

JIGANTI, P. J., and ROMITI, J., concur.