THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* DARNELL HINES, Petitioner-Appellant.

First District (4th Division)    No. 78-199

Opinion filed April 19, 1979.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger, James S. Veldman, and Suzanne Philbrick, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

This appeal is from the denial of appellant's post-conviction petition after an evidentiary hearing in the circuit court of Cook County.

The issue presented for review is whether the petition for post-conviction relief should have been granted where defendant alleges that at the time of sentencing, he was not advised of his right or permitted to choose between being sentenced under the statute in effect at the time the crime was committed or the statute in effect at the time of sentencing.

The facts stated briefly are as follows: On December 21, 1973, Darnell Hines and his codefendant Willie Hines, in the middle of their jury trial for murder, decided to enter pleas of guilty to voluntary manslaughter. Their attorney, the public defender, stated to the court that defendants had agreed to such a disposition with the knowledge that the State would recommend sentences of 2 to 6 years for appellant and 6 to 18 years for his codefendant. There was a brief discussion between the attorneys and the court as to what sentencing provisions were to be applied. The crime itself was committed in 1972, but there was a 1973 indictment. The public defender elected to proceed under the new code which was the code in effect at the time of sentencing.

On October 21, 1976, appellant filed a pro se petition for post-conviction relief. On June 9, 1977, appellant filed through his attorney an amended petition for post-conviction relief. The People filed a motion to dismiss the petition on the grounds that he failed to raise any constitutional questions within the purview of the Post-Conviction Hearing Act.

On June 9, 1977, a hearing was held based on the post-conviction petition. The court asked whether there had been a discussion in the trial court with respect to sentencing of petitioner under the old or new code. The court continued the hearing for the purpose of allowing petitioner's present counsel to talk to the petitioner's trial attorney to ascertain if he had advised petitioner of his right to elect his sentencing statute.

On November 1, 1977, petitioner's trial attorney testified that he could not remember whether he had advised him of his choices of sentences. The court then stated it would have to resort to the record and based upon the record it was apparent the issue was raised at trial. The court further stated that based upon the trial lawyer's statement in the record, petitioner had elected to be sentenced under the new code.

The petition for post-conviction relief was denied and petitioner appeals from that ruling.

Petitioner contends that at the time of sentencing he was not advised of his right or permitted to choose between being sentenced under the statute in effect at the time the crime was committed or the statute in effect when he was sentenced. We reject defendant's argument that he was not permitted to elect a sentencing statute.

The statute in effect at the time of the offense provided that voluntary manslaughter was punishable by a term of imprisonment from one to twenty years, no parole term was mandated by this statute (Ill. Rev. Stat. 1971, ch. 38, par. 9—2(c)). The statute in effect at the time of sentencing provided that every indeterminate sentence was to include a parole term in addition to the term of imprisonment. Voluntary manslaughter, a Class 2 felony required a mandatory parole term of three years. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(2).

Petitioner filed a petition under the Post-Conviction Hearing Act. To be entitled to relief under the Act it is necessary that petitioner suffer a substantial denial of his rights under the United States Constitution or the Constitution of Illinois. *People v. Burns* (1979), 75 Ill. 2d 282, 388 N.E.2d 394.

The People submit that the record shows that petitioner elected by and through his attorney to be sentenced under the new code, therefore no constitutional issue was raised. We agree with the People.

In the instant case, during the discussion at trial of the sentencing provisions to be applied, the prosecutor inquired under which code they were proceeding. The public defender responded that it did not make any difference. The court stated it was a 1973 indictment, but the prosecutor noted that the offense occurred in 1972. The public defender stated "We'll proceed under the new code." The defendant was present during this colloquy and remained silent.

In *People v. Santa* (1976), 36 Ill. App. 3d 289, 294, 343 N.E.2d 512, 515, the appellate court stated: "* * * defendant was represented by counsel * * * and their [counsels'] representations, made in his presence and without any dissent by him, are attributable to him."

The election of the 1973 sentencing provision is binding on the petitioner in the instant case. The record clearly indicates that there was a discussion of the choices available to defendant, and he was given an opportunity by the trial court to speak on his own behalf. We cannot find in this case that defendant suffered a substantial denial of his rights under the United States Constitution or the Illinois Constitution.

The court stated at the post-conviction hearing that although there were no specific admonishments made to petitioner, it was apparent from the record that the sentencing issue had been raised at trial, and he was

aware of the fact that he had the right to an election. The court went on to say that based upon the statement of petitioner's lawyer he elected to be sentenced under the 1973 statute.

The petitioner cites *People v. Hollins* (1972), 51 Ill. 2d 68, 280 N.E.2d 710, and *People v. Brown* (1977), 47 Ill. App. 3d 920, 365 N.E.2d 514, to support his contention. In both cases the record failed to demonstrate that the offender was advised of his right or permitted to elect the sentencing statute. These cases do not apply to the present case. As we stated above, the petitioner made the election to proceed under the 1973 code by and through his attorney.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and ROMITI, JJ., concur.