THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CHARLES NOLKER, Defendant-Appellant.

Fifth District    No. 81-36

Opinion filed February 19, 1982.

John H. Reid and Patrick M. Carmody, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Donald Weber, State's Attorney, of Edwardsville (Martin N. Ashley and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HARRISON delivered the opinion of the court:

Charles Nolker appeals from a final order of the circuit court of Madison County which dismissed his original and supplemental petitions for post-conviction relief. This appeal raises two issues. First, Nolker asserts that the presence of a single weapon was used to enhance a misdemeanor escape charge first to felony escape and then to armed violence; Nolker argues that this double enhancement violates his constitutional right to due process of law. Second, Nolker contends that his due process rights were violated because he was charged with, and convicted of, armed violence as a result of an improper statutory construction. We affirm the judgment of the circuit court.

On August 11, 1978, Nolker was charged by information with three criminal offenses. The first count charged him with armed violence as-

serting that "*while armed with a dangerous weapon, a pistol,* a Category I weapon [Nolker] committed the felony of Escape * * * or Attempted Escape * * * in that, while in the lawful custody of * * * peace officers of the State of Illinois, *and while armed with a dangerous weapon, a gun,* he intentionally escaped or attempted to escape from such custody." (Emphases added.) The third count of the information charged him with unlawful delivery of less than 500 grams of cannabis and the second count was dismissed. Nolker pleaded guilty to the armed violence and unlawful-delivery counts and received concurrent sentences of seven and three years, respectively. No appeal was taken from the judgment or sentences. On June 4, 1980 Nolker filed a *pro se* petition for post-conviction relief, and subsequently the public defender's office filed a supplemental petition on his behalf. The supplemental petition alleged that Nolker "was denied due process of law by judgment and sentence for Armed Violence as set forth in Count I of the information * * * [because:]

> a. [t]he charge is fatally defective in that, by its terms, one element is used twice to increase the severity of the charge * * * in contrast to cases interpreting [the relevant statutes].
>
> * * *
>
> d. It is improper to base the offense of Armed Violence upon the attempt to commit a felony."

The circuit court refused to grant the post-conviction petition, and Nolker appeals from the order dismissing that petition. We will address each of these contentions in turn.

■■ Post-conviction relief is limited to a redress of substantial denials of rights of constitutional dimension as provided in section 122—1 of the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1979, ch. 38, par. 122—1; see also *People v. Hines* (1979), 71 Ill. App. 3d 553, 555, 390 N.E.2d 37.) Although the defendant correctly contends that the armed-violence charge resulted from a double enhancement of a misdemeanor by means of an improper statutory construction (see *People v. Haron* (1981), 85 Ill. 2d 261, 278-79, 422 N.E.2d 627), this contention presents only a question of an erroneous statutory construction, and as such is not of constitutional magnitude. (*People v. Radford* (1972), 53 Ill. 2d 120, 121, 290 N.E.2d 212.) Post-conviction relief is therefore inappropriate upon this ground.

■■ Because Nolker's statutory argument does not afford him a basis for relief we must next consider whether the application of the armed-violence statute, section 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2), may constitutionally be based on the commission of a felony with a dangerous weapon where the underlying felony is itself predicated on the enhancement of a misdemeanor, escape (see Ill. Rev. Stat. 1979, ch. 38, par. 31—6(d)), by virtue of the same dangerous weapon. Nolker has cited several cases for our consideration, and we find

them distinguishable from the case at bar. Both *Haron* and *People v. Hobbs* (1981), 86 Ill. 2d 242, 427 N.E.2d 558, were decided on statutory, rather than constitutional, grounds. *Busic v. United States* (1980), 446 U.S. 398, 64 L. Ed. 2d 381, 100 S. Ct. 1747, was similarly resolved on statutory and not constitutional grounds. Most recently, the Illinois Supreme Court decided *People v. Van Winkle* (1981), 88 Ill. 2d 220, on statutory grounds in reliance on *Haron*. The court expressly refrained from deciding the constitutional validity of basing an armed violence charge on the presence of a weapon during the commission of the predicate felony of aggravated battery (which itself was created by an enhancement of the misdemeanor of simple battery due to the presence of the same weapon). Because no case is directly on point, our analysis of this issue must focus on general principles of constitutional law. Our supreme court recently provided guidance when it stated that "[i]t is the general rule that the legislature, under the State's police power, has wide discretion to prescribe penalties for defined offenses. * * * 'We have consistently stated that the standard of a proper exercise of the police power is whether the statute is reasonably designed to remedy the evils which the legislature has determined to be a threat to the public health, safety and general welfare.' (*Heimgaertner v. Benjamin Electric Manufacturing Co.* (1955), 6 Ill. 2d 152, 159.)" (*People v. Bradley* (1980), 79 Ill. 2d 410, 417, 403 N.E.2d 1029.) The purpose of the armed-violence statute is to respond to the growing incidence of violent crime. (*People v. Graham* (1975), 25 Ill. App. 3d 853, 858, 323 N.E.2d 441, 444.) Doubly enhancing the status of a crime for the reason that a dangerous weapon was present is reasonably consistent with this purpose because violent crimes are facilitated by the presence of dangerous weapons. Therefore we must hold that the armed-violence statute as applied in the instant case is not inconsistent with due process. Nolker has thus not demonstrated a disparagement of a constitutionally protected right, and post-conviction relief is therefore inappropriate; hence, we affirm the judgment of the circuit court.

Affirmed.

WELCH and KASSERMAN, JJ., concur.