THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WELDON WADE LEWIS III, Defendant-Appellant.

Fifth District   No. 5—88—0635

Opinion filed May 2, 1990.

Daniel M. Kirwan and Janet L. Gandy, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Matthew E. Franklin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Weldon Wade Lewis III, was charged in the circuit court of Jefferson County with having murdered his wife, Diane Lewis. Following a bench trial on December 31, 1986, defendant was found guilty but mentally ill. At his sentencing hearing a victim impact statement written by the victim's sister, Judy Chamblis, and also signed by her parents, Charles and Hazel Prince, was filed pur-

suant to section 6 of the Bill of Rights for Victims and Witnesses of Violent Crime Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 1406). The court sentenced defendant to 25 years' imprisonment. No direct appeal was taken from the conviction. Defendant filed a *pro se* postconviction petition on April 19, 1988, and a hearing was held on July 13, 1988. The court denied his petition, and defendant appeals from that denial.

Defendant makes two major contentions. First, the section of the Act allowing family members to submit victim impact statements violates both the Constitution of the United States and the Illinois Constitution, specifically, the principles of due process of law and equal protection (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, §2), as well as the eighth amendment of the United States Constitution, and section 11 of article I of the Illinois Constitution. Second, aside from the constitutional issues, the victim impact statement was improperly admitted at the sentencing hearing because it contained irrelevant and prejudicial material.

■ Defendant relied primarily on the United States Supreme Court decision in *Booth v. Maryland* (1987), 482 U.S. 496, 96 L. Ed. 2d 440, 107 S. Ct. 2529, to support his constitutional claim. In *Booth*, the court held that admission of a victim impact statement in the sentencing phase of a capital trial violates the eighth amendment. Defendant contends our supreme court has never addressed the issue of whether the holding in *Booth* extends to noncapital cases as well. On the contrary, the supreme court of Illinois in two recent decisions has held victim impact statements do not violate a defendant's constitutional rights in noncapital cases. (*People v. Felella* (1989), 131 Ill. 2d 525, 546 N.E.2d 492; *People v. Turner* (1989), 128 Ill. 2d 540, 539 N.E.2d 1196.) Both cases involved a victim impact statement submitted by family members of a murder victim. The court in *Turner* specifically held that allowing a victim impact statement at a noncapital sentencing did not violate the defendant's constitutional rights. (128 Ill. 2d at 578, 539 N.E.2d at 1213.) That holding was reaffirmed shortly thereafter in *Felella*. (*Felella*, 131 Ill. 2d at 535-36, 546 N.E.2d at 496.) Likewise, in *Booth*, the Supreme Court stated "[f]acts about the victim and family also may be relevant in a noncapital criminal trial." (*Booth*, 482 U.S. at 507 n.10, 96 L. Ed. 2d at 451 n.10, 107 S. Ct. at 2535 n.10.) In light of these cases, we hold that the introduction of the victim impact statement did not violate defendant's constitutional rights.

■ Next, defendant contends the trial court improperly admitted the victim impact statement since it contained irrelevant and highly

prejudicial material. We first note that unless a claim is of a constitutional proportion, a defendant cannot raise the issue in a post-conviction proceeding. (Ill. Rev. Stat. 1987, ch. 38, par. 122—1; *People v. Hines* (1979), 71 Ill. App. 3d 553, 555, 390 N.E.2d 37, 38; *People v. McCollum* (1979), 71 Ill. App. 3d 531, 532, 390 N.E.2d 16, 17.) Defendant claims because his trial counsel and post-conviction hearing counsel failed to object to the victim impact statement, he was afforded ineffective assistance of counsel, raising this issue to a constitutional level. However, considering that a victim impact statement is permitted by statute and its constitutionality has been repeatedly upheld, counsel's failure to object to its use in a noncapital case does not constitute ineffective assistance. See *People v. Van Ostran* (1988), 168 Ill. App. 3d 517, 522 N.E.2d 851. See also *Felella*, 131 Ill. 2d 525, 546 N.E.2d 492; *Turner*, 128 Ill. 2d 540, 539 N.E.2d 1196.

■ Nonetheless, defendant contends the material contained in the victim impact statement was irrelevant since it focused on the relatives of the victim. The Act defines "victim" as "the spouse, parent, child or sibling of a person killed as a result of a violent crime perpetrated against the person killed." (Ill. Rev. Stat. 1987, ch. 38, par. 1403(a)(3).) Under this section, members of a victim's family are victims in their own right. Certainly any impact on them is a relevant and proper factor which may be considered by a court in imposing sentence. (See *Van Ostran*, 168 Ill. App. 3d at 523, 522 N.E.2d at 854-55.) The legislature, in enacting such language, recognized that the harm flowing from the defendant's criminal act affects not only the victim but also the victim's immediate family. Clearly the legislature intended that the impact of a murder on a victim's family could be considered, and our supreme court, as noted earlier, has upheld the validity of such considerations.

Obviously, in any murder case, the impact on the family will have emotional and psychological aspects, and these will be evident in an impact statement. When faced with emotionally charged evidence, a trial court is capable of determining the appropriateness and reliability of evidence received at a sentencing hearing and of giving that evidence its proper weight. (See *People v. Fountain* (1989), 179 Ill. App. 3d 986, 1000, 534 N.E.2d 1303, 1312.) We note too that the rigid rules of evidence need not be followed in sentencing hearings. (See *People v. Jones* (1982), 94 Ill. 2d 275, 284-86, 447 N.E.2d 161, 165-66. See also *People v. LaPointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.) In this instance, the record clearly indicates the trial court considered other factors in sentencing defendant, including sev-

eral factors in mitigation, and there is no indication that it placed undue weight on the victim impact statement.

For the foregoing reasons, the judgment of the circuit court of Jefferson County is affirmed.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.