SIXTH DIVISION
 FILED: 11-27-96







No. 1-94-1955 & 1-95-1888
(Consolidated)


THE PEOPLE OF THE STATE OF ILLINOIS ) Appeal from the
 ) Circuit Court of
 Respondent-Appellee, ) Cook County.
 )
 v. )
 )
SIDNEY SMITH, ) Honorable
 ) Michael Getty and
 Petitioner-Appellant. ) John Brady, 
 ) Judges Presiding.

 PRESIDING JUSTICE ZWICK delivered the opinion of the court:
 Petitioner, Sidney Smith, appeals from an order of the
circuit court of Cook County dismissing his petition for post-
conviction relief. Petitioner raises several issues, but we need
address only whether due process was violated by the trial
court's failure to admonish petitioner, prior to accepting his
guilty plea, that petitioner would be required to serve a three-
year period of supervised release in addition to his negotiated
11-year prison term. 
 The record reveals that petitioner and the State entered
into a conference on May 3, 1993, pursuant to Supreme Court Rule
402 (134 Ill. 2d R. 402). At the conference, the trial court
indicated that upon a plea of guilty by petitioner, the court
would impose a prison sentence of 11 years. Subsequently, on May
10, 1993, the trial court admonished the petitioner of the
consequences of pleading guilty. In so doing, the court stated
that the parties had agreed upon a term of 11 years as an
appropriate sentence. While admonishing the defendant prior to
accepting the plea of guilty, the court never mentioned mandatory
supervised release. Petitioner then indicated that he was sorry
for his crime, that he had learned his lesson, and stated he
believed the 11-year sentence was lengthy in relation to the
specific crime he had committed. He indicated, however, that he
would accept the sentence. The trial court determined that
petitioner's plea was voluntary. The court thereafter imposed the
a term of 11 years imprisonment in the Illinois Department of
Corrections, plus two years mandatory supervised release. The
trial court then informed the petitioner of his right to vacate
his plea and to appeal. 
 On April 8, 1994, petitioner filed a pro se post-conviction
petition which the trial court summarily dismissed on May 6,
1994. On February 2, 1995, petitioner filed a second post-
conviction petition which the trial court again dismissed. It is
from the dismissal these petitions that petitioner now appeals. 
 In each of the petitioner's post-conviction petitions, he
states that he was promised by his attorney and by the trial
court that he would receive a term of imprisonment of 11 years in
exchange for his guilty plea, and that he did not agree to a
period of mandatory supervised release. In seeking to set aside
his plea, petitioner asserts his plea was made "for specific
sentencing" and that he did not understand at the time of
sentencing that he would have to serve "an additional sentence"
after his release. 
 In Boykin v. Alabama, 395 U.S. 238, 23 L. Ed. 2d 274, 89 S.
Ct. 1709 (1969), the United States Supreme Court stated that if a
guilty plea is to withstand appellate or post-conviction review,
the record must affirmatively disclose that the defendant who
pleads guilty entered his plea understandingly and voluntarily.
See People v. Wills, 61 Ill.2d 105, 110, 330 N.E.2d 505 (1975),
quoting People v. Reeves, 50 Ill. 2d 28, 29, 276 N.E.2d 318
(1971) and Brady v. United States, 397 U.S. 742, 747 footnote
(4), 25 L. Ed. 2d 747, 90 S. Ct. 1463 (1970). In order to
implement this constitutional requirement, our supreme court
adopted Rule 402(a), which provides:
 "In hearings on pleas of guilty, there must be
 substantial compliance with the following:
 (a) Admonitions to Defendant. The court shall
 not accept a plea of guilty without first, by
 addressing the defendant personally in open
 court, informing him of and determining that
 he understands the following:
 (1) the nature of the charge;
 (2) the minimum and maximum
 sentence prescribed by law,
 including, when applicable, the
 penalty to which the defendant may
 be subjected because of prior
 convictions or consecutive
 sentences;
 (3) that the defendant has the
 right to plead not guilty, or to
 persist in that plea if it has
 already been made, or to plead
 guilty; and
 (4) that if he pleads guilty there
 will not be a trial of any kind, so
 that by pleading guilty he waives
 the right to a trial by jury and
 the right to be confronted with the
 witnesses against him. 134 Ill. 2d
 R. 402(a).
 In People v. Krantz, 58 Ill. 2d 187, 317 N.E.2d 559 (1974),
our supreme court emphasized that Rule 402(a) requires only
"substantial compliance," specifically stating that the rule is
not violated by the trial court's failure to admonish a defendant
that a supervised release term will be part of his sentence
should he elect to plead guilty. Subsequently, however, in People
v. Wills, 61 Ill. 2d 105, 330 N.E.2d 505 (1975), the court
"reconsidered the position taken in People v. Krantz" (Wills, 61
Ill. 2d at 109) and stated that compliance with Rule 402(a)(2)
requires that a defendant be told prior to sentencing that he
must additionally serve a period of supervised release. Wills, 61
Ill. 2d at 109. 
 Although Wills modified the court's earlier holding in
Krantz, it did not create an inflexible rule. Failure to properly
admonish a defendant does not necessarily indicate that
defendant's plea was improperly accepted. Rather, the failure of
the trial court to properly admonish a defendant prior to his
pleading guilty is but "a factor" to be considered in determining
whether a plea of guilty was "voluntarily and intelligently
made." Wills, 61 Ill. 2d at 111. See also People v. McCoy, 74
Ill. 2d 398, 385 N.E.2d 696 (1979)("While there appears to be no
reason for failure to comply strictly with the explicitly stated
requirements of Rule 402, every deviation therefrom does not
require reversal").
 The State cites a number of cases indicating that a
petitioner cannot make out a constitutional violation by simply
establishing that the trial court failed to inform him of the
release period. See People v. James, 233 Ill. App. 3d 963, 599
N.E.2d 960 (1992); People v. McCullum, 71 Ill. App. 3d 531, 390
N.E.2d 16 (1979); People v. Ruiz, 24 Ill. App. 3d 449, 321
N.E.2d 746 (1974). Defendant counters by relying on opinions in
which the appellate court has closely associated the failure to
inform the defendant of his supervised release period with a
violation of due process. See People v. Didley, 213 Ill. App. 3d
910, 572 N.E.2d 423 (1991); People v. Kull, 171 Ill. App. 3d 496,
525 N.E.2d 1223 (1988); People v. O'Toole, 174 Ill. App. 3d 800,
529 N.E.2d 54 (1988); People v. Louderback, 137 Ill. App. 3d 432,
484 N.E.2d 503 (1985). 
 Despite petitioner's arguments, and language in some
appellate court cases to the contrary, our supreme court made
clear in Wills that the mere failure of the trial court to
explain the mandatory supervised release term prior to accepting
a guilty plea does not, per se, render the plea agreement
constitutionally infirm. Due process requires only that the
defendant not be prejudiced by the court's failure to fully and
correctly explain his potential sentence, and, in some cases,
when the record indicates that no unfairness has resulted, the
court's omission does not require reversal. See e.g., James, 233
Ill. App. 3d at 970-71. Thus, "where the trial court understates
the possible maximum penalty but sentences within the limits it
had stated, no prejudice results, and defendant is not entitled
to withdraw his guilty plea." People v. Hoyer, 100 Ill. App. 3d
418, 420, 426 N.E.2d 1139 (1981), citing People v. Hrebenar, 131
Ill. App. 2d 877, 266 N.E.2d 733. Of course, when the defendant
pleads guilty based upon an agreement that he will receive a
specific sentence, simple fairness requires that the negotiated
sentence not be enhanced. See Santobello v. New York, 404 U.S.
257, 261-63, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971). 
 The United States Court of Appeals, Seventh Circuit, has
held that due process is violated when the trial court admonishes
a defendant he will receive a shorter sentence than he actually
receives, provided defendant asserts he would not have accepted
the deal if the true sentence had been fully explained. United
States ex rel. Baker v. Finkbeiner (7th Cir. 1977), 551 F.2d 180;
United States ex rel. Williams v. Morris, 633 F.2d 71 (7th Cir.
1980), vacated as moot sub nom. Lane v. Williams, 455 U.S. 624,
71 L. Ed. 2d 508, 102 S. Ct. 1322 (1982). Although intermediate
Federal holdings are not binding upon us (McCullum, 71 Ill. App.
3d at 533, fn (1); People v. Cosey, 66 Ill. App. 3d 670, 384
N.E.2d 95 (1978)), the Finkbeiner and Morris opinions have been
cited by our supreme court, with apparent approval. McCoy, 74
Ill. 2d at 403-04 (1979). We conclude these cases set out the
proper constitutional law in this area. Accord, Didley, 213 Ill.
App. 3d at 913.
 Our review of the cases indicates that a petitioner
establishes a due process violation when the following conditions
are met: (1) the record discloses the court informed the
petitioner he would receive a specific period of incarceration
upon a guilty plea, (2) the trial court sentenced petitioner to a
term greater than the agreed term, taking into account and
including any period of supervised release, and (3) petitioner
raises a good faith argument that he would not have pled guilty
if he had been fully and correctly informed by the court of his
potential sentence.
 The cases relied upon by the State are generally consistent
with our holding. In McCoy and James, for example, the defendants
were sentenced to terms which were less than the maximum sentence
defendants were told they could receive. Similarly, in Krantz,
the court specifically warned the defendant that it was under no
obligation to sentence him to any recommendation which had
resulted from the plea negotiations. Krantz, 58 Ill. 2d at 194.
In Miller and in Ruiz, the petitioners failed to argue they were
unaware of the potential sentence they could receive or that they
would not have pleaded guilty had they been properly admonished
by the trial court. Miller, 107 Ill. App. 3d at 1086; Ruiz, 24
Ill. App. 3d at 454. In our view, cases such as People v.
McCollum, 71 Ill. App. 3d 531, 390 N.E.2d 16 (1979), and People
v. Irons, 54 Ill. App. 3d 50, 369 N.E.2d 558 (1977) are wrongly
decided and, accordingly, are rejected.
 Petitioner in this case established he was told before his
guilty plea that he would be sentenced to 11 years in prison to
avoid a trial and the potential of a 30-year prison sentence.
Nothing indicates that petitioner was told, either by his counsel
or by the court, that he would also be required to serve a three
year period of mandatory supervised release. Defendant expressed
some reluctance to accept an 11-year sentence, but ultimately
agreed to do so. The court then sentenced defendant not to the
11-year term agreed to by petitioner, but rather, to a term of 11
years plus a three year period supervised release. Under such
facts, we find defendant's claim that he would not have accepted
the plea agreement had he known he was required to serve a period
of supervised release to have palpable merit. This record falls
far short of establishing that petitioner pleaded guilty with a
full understanding of the consequences of his decision, as
required by Boykin. Accordingly, we vacate defendant's guilty
plea and remand the case for further proceedings.
 Reversed and remanded.
 RAKOWSKI, J. and LEAVITT, J., concur.