THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES SULLIVAN, Defendant-Appellant.

(No. 71-169; 

Third District—June 18, 1973.

James A. Geis, of Defender Project, of Ottawa, for appellant.

Robert Richardson, State's Attorney, of Ottawa, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In April of 1969 the defendant James Sullivan was indicted for the crimes of burglary and theft from a business known as Herrcke's Hardware and also for the crimes of burglary and theft from a business known as Cofoid's Store, both business establishments being located in La Salle County. On May 5, 1969, the defendant entered a plea of not guilty to the charges of burglary and theft. On June 16, 1969, the defendant, being represented by court appointed counsel, withdrew his not guilty pleas and pled guilty to each of the four charges. The circuit court of La Salle

County imposed concurrent sentences of not less than 4 years nor more than 7 years in the penitentiary on each of the four crimes charged.

The defendant now appeals from these convictions and a denial of a post-conviction petition and urges as error that the trial court did not personally inform him of the nature of the charges against him; that the trial court did not properly describe the penalty which could be imposed; that there was a failure to apprise him of his right to persist in his plea of not guilty and lastly, there was a failure to admonish the defendant that by changing his plea of not guilty to guilty he was also waiving the right to be confronted with witnesses who might appear against him.

The required procedure at the time of the defendant's guilty plea is set forth as follows in chapter 38, section 115—2 of the Criminal Code:

"(a) Before or during trial a plea of guilty may be accepted when:

(1) The defendant enters a plea of guilty in open court;

(2) The court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

Also in effect at the time the defendant tendered his plea of guilty were the regulations set forth in Rule 401(b) of the Supreme Court, Ill. Rev. Stat. 1969, ch. 110A, sec. 401(b), which provided:

"(b) Procedure on Plea or Waiver. The court shall not permit a plea of guilty * * * by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from proceedings had in open court at the time waiver is sought to be made or plea of guilty entered, or both, as the case may be, that the accused understands * * * the nature of the charge against him, and the consequences thereof if found guilty, * * * The inquiries of the court, and the answers of the accused to determine whether he understands his rights * * * and comprehends the nature of the crime with which he is charged and the punishment thereof fixed by law, shall be taken and transcribed and filed in the case. The transcript, when filed, becomes a part of the common law record in the case."

In order to resolve the issues raised by the defendant we must examine the record so as to determine whether or not he had a full comprehension of his plea of guilty. In the trial court the following pertinent colloquy ensued:

"*State's Attorney:* * * * Let the record further show that heretofore on May 5, 1969, the defendant entered a plea of not

guilty to all the respective indictments. At this time, it is my understanding that the defendant, by and through counsel, tends to move for the vacation of the previously entered plea of not guilty, and instead plead guilty to each and every one of the aforementioned indictments, being four in number. Is that correct?

*Public Defender:* That is correct, your honor.

*The Court:* The court will allow you your motion to withdraw your plea of not guilty. And, before I allow your plea of guilty, I have to tell you a few things. How old are you Mr. Sullivan?

*Defendant:* Thirty one, sir.

*The Court:* When you offer to plead guilty to a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, I have the duty to determine whether you understand the nature of the charge against you and the consequences thereof if found guilty. Have you discussed with your attorney the nature of the charge against you?

*Defendant:* Yes, sir.

*The Court:* Have you read your copies of these various indictments?

*Defendant:* Yes, sir.

*The Court:* Do you believe you understand the nature of all those charges?

*Defendant:* Yes, sir.

*The Court:* I find that the defendant understands the nature of the charges against him."

■■ The foregoing colloquy resulted from the trial court's concern as to whether or not the defendant understood the nature of the charges against him. At the outset we must note that the guidelines to be followed by the trial court in accepting or rejecting a plea of guilty were set forth in chapter 38, section 115—2 of the Criminal Code and Supreme Court Rule 401. Supreme Court Rule 402 (Ill. Rev. Stat., ch. 110A, sec. 402) and its more stringent requirements had as yet not been promulgated. We believe that in the present case the trial court made more than a mere inquiry in ascertaining whether the defendant knew the nature of the charges against him. The defendant had counsel and was advised by him. Further the defendant acknowledged that he had personally read the charges contained in the indictment and that he understood them. We believe that the directives of Supreme Court Rule 401 were amply fulfilled. (See *People v. Jordan,* 133 Ill.App.2d 893, 272 N.E.2d 429.) The defendant argues, however, that in addition to the statutory guidelines the trial court was under a duty to comply with the

directives contained in *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. We fail to find in *Boykin* any requirement that the trial court must personally inform a defendant as to the nature of the charges against him. The decision in *Boykin* was announced fourteen days prior to the defendant's plea of guilty in the instant case and we are aware of the fact that as a result of *Boykin* our Supreme Court adopted Supreme Court Rule 402. (Ill. Rev. Stat., ch. 110A, sec. 402.) In the *instant* case, however, the statute then governing pleas of guilty was Supreme Court Rule 401, which required that the trial court ascertain if the defendant understood the nature of the charges against him. This the trial court did in the present case.

The defendant further assigns as error that he was not properly informed as to the penalty which could be imposed if he persisted in his plea of guilty. Again we turn to the record which discloses the following:

> "*The Court:* The punishment fixed by law for theft is one to ten years. The punishment fixed for burglary is any indeterminate term in the penitentiary, and what I mean by that is not less than one year. Now with that in mind, the court could sentence you to ten to twenty years, twenty to thirty years, one to ten years. Do you understand that type of sentence that could be given in this case?
>
> *Defendant:* Yes sir.
>
> *The Court:* Now, notwithstanding the fact that this penalty might be imposed, do you still want to plead guilty?
>
> *Defendant:* Yes, sir."

■■ In examining this admonishment by the court regarding the penalty which could be imposed we can only conclude that the trial court graphically explained to the defendant as to what is meant by an indeterminate sentence. The court did not curtail its admonishment by merely using the words "indeterminate term" as in *People v. Terry*, 44 Ill.2d 38, 253 N.E.2d 383, or *People v. Fairchild*, 133 Ill.App.2d 875, 272 N.E.2d 445. The court admonished the defendant by setting forth concrete examples as to what is meant by an indeterminate sentence and we are at a loss to suggest a better procedure. In any event the defendant received sentences of a lesser term than those used as illustrations by the court and hence cannot justifiably complain that he was misled in pleading guilty or ignorant of the possible consequences of such a plea.

■■ The defendant also contends that the court failed to apprise him of his right to persist in his plea of not guilty. The record belies such a contention in that the defendant was advised that he was entitled to a jury trial, that a jury was present for the purpose of hearing his trial

and that if found not guilty he would be discharged. The court further advised the defendant that by pleading guilty he would be waiving his right to a jury trial. The defendant indicated by an affirmative answer that he realized he was waiving his right to such trial. This contention of the defendant is not borne out by the record.

■■ Next the defendant complains that the court did not admonish him that by changing his plea to guilty he waived the right to be confronted by witnesses against him. While Supreme Court Rule 402 makes this admonishment a requisite such is not present in Supreme Court Rule 401 which governed the procedure in the present case. However, this precise question was raised in a case where Supreme Court Rule 402 was applicable and the failure to inform the defendant that if he entered a plea of guilty he would be waiving his right to be confronted by witnesses was held not to be reversible error. (*People v. Shepard,* 10 Ill.App.3d 739, 295 N.E.2d 310.) The defendant in this case was no stranger to the criminal justice system and an analysis of the record discloses that the plea of guilty was made voluntarily and understandingly. We find that the trial court substantially and sufficiently complied with the procedures governing the acceptance of a plea of guilty.

■■ The defendant presents for review one further issue by claiming that convictions and sentences for burglary and theft arising out of the same conduct is error. The State confesses error as to this contention and rightfully so. Since the State concurs as to the question of the separate sentences and judgments it is unnecessary that we discuss this issue in detail. It is obvious that the offenses of burglary and theft on each of the premises involved resulted from the same conduct and therefore should not have involved both convictions for burglary and theft. (See *People v. Myles,* 2 Ill.App.3d 955, 275 N.E.2d 691.) Burglary being the more serious offense, the defendant's convictions and sentences for this crime should stand while the convictions and sentences for the offense of theft should be reversed.

For the reasons stated in this opinion the defendant's convictions and sentences for the crime of burglary are affirmed, but the convictions and sentences for theft are reversed.

Affirmed in part and reversed in part.

ALLOY, P. J., and STOUDER, J., concur.