THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST TOWNSEND, Defendant-Appellant.

(No. 59784; ▮▮▮▮▮▮▮▮

First District (5th Division)—September 13, 1974.

James J. Doherty, Public Defender, of Chicago (Leonard V. Solomon, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant entered a plea of guilty to an amended indictment charging him with the offense of robbery (Ill. Rev. Stat. 1971, ch. 38, par.

18—1) and was sentenced to from 1 to 6 years. On appeal he contends that the trial court's admonishment as to the possible minimum sentence he could receive was erroneous, and that the "possible effect" of this admonishment was to induce his plea of guilty.

Defendant was initially charged with the offense of armed robbery. On motion of the state the indictment was amended to read "robbery." Pursuant to a conference with the State's Attorney, defendant withdrew his plea of not guilty to armed robbery and entered a plea of guilty to robbery. Pursuant to Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) the trial court admonished him as follows:

"The Court: You waive preliminary hearing in the indictment?

The Defendant: Yes, sir.

The Court: Mr. Townsend, how old are you?

The Defendant: Thirty-one.

The Court: How much schooling have you had?

The Defendant: Ten and a half.

The Court: The State, with agreement and consent of your lawyer, has amended this indictment No. 72-3191, charging that you, on May 5, 1972, at and within said county, Ernest Townsend committed the offense of robbery, in that he, by use of force, took an amount of U.S. Currency from the person of Sandra Green, in violation of the State Statutes. Do you understand that?

The Defendant: Yes.

The Court: How do you plead to that charge, guilty or not guilty?

The Defendant: Guilty.

The Court: You understand when you plead guilty to an indictment of this type, you give up or waive certain rights. Among these rights is your absolute right to have a trial by a jury of 12 men or women, who, in the event they find you guilty, they must vote for your guilt unanimously and who would be selected by your attorney, Mr. Lampkin, and the State's Attorney. Do you understand that right?

The Defendant: Yes.

The Court: You are willing to give up or waive that right?

The Defendant: Yes.

The Court: I ask you to sign a jury waiver indicating your willingness to surrender this right.

I have the jury waiver which I direct be attached to and made a part of the permanent court record in this cause.

In addition to that, Mr. Townsend, you give up certain other

rights. One of these rights is your absolute right to have the State attempt to prove this case as required by law beyond a reasonable doubt; to cross-examine witnesses of the State; and to offer evidence on your own behalf. Do you wish to give up those rights?

Mr. Townsend: Yes, sir.

The Court: Furthermore, you give up your absolute right not to incriminate yourself and not to testify in this cause. Do you wish to give up that right?

The Defendant: Yes, sir.

The Court: I am informing you, sir, on your plea of guilty to this reduced charge, this charge of plain robbery, that I can, if I see fit, sentence you to any term of years not less than one nor more than twenty, two to ten, ten to fifteen or fifteen to twenty years in this indictment. Do you understand that?

The Defendant: Yes.

The Court: I have related to your lawyer, Mr. Lampkin, and the State's Attorney, pursuant to your lawyer's conference with the State's Attorney, Mr. Montemurro, I would accept the recommendation of the State's Attorney and I would sentence you to the Illinois State Penitentiary for a term of years not less than one nor more than six on your plea of guilty. Do you understand that?

The Defendant: Yes, sir.

The Court: Are you willing to accept such a penalty in this case, sir?

The Defendant: Yes.

Mr. Montemurro: For the record, Section 1005—8—2 of the new Illinois Code of Corrections indicates the court may sentence a defendant 17 years of age or older and convicted of a felony, which he inflicted or attempted to inflict serious bodily injury to another, or use a firearm, to a term not to exceed twice the maximum sentence."

A sentence of from 1 to 6 years was thereupon imposed.

OPINION

Robbery is a Class 2 felony. (See Ill. Rev. Stat. 1971, ch. 38, par. 18—1, as amended by P.A. 77-2638, sec. 1.) The Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1), effective at the time defendant entered his guilty plea, provided that the maximum term to be imposed upon conviction of a Class 2 felony "shall be any term in excess of one year not exceeding 20 years." The minimum term "shall not be greater than one-third of the maximum term set in that case by

the court." The court, in its admonishment, informed defendant that he could be sentenced to "any term of years not less than one nor more than twenty, two to ten, ten to fifteen or fifteen to twenty years in this [robbery] indictment." Defendant argues that a term of from "ten to fifteen or fifteen to twenty years" would be clearly contrary to the sentencing provisions of the Unified Code of Corrections and therefore this admonishment had the possible effect of inducing his guilty plea, thus denying him rights guaranteed by Supreme Court Rule 402.

■■ Rule 402 was enacted (1) to ensure compliance with the requirements of *Boykin v. Alabama*, 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709, that a guilty plea may be accepted only if there is an affirmative showing that the defendant voluntarily and understandingly entered his plea and (2) to provide a reviewing court with a record containing an accurate and complete account of all relevant plea negotiations surrounding the guilty plea. (See Committee Comments, Ill. Rev. Stat. 1971, ch. 110A, par. 402.) The rule requires substantial, not literal, compliance with its precepts. "[I]ts objective is fixed but its application is flexible. (*People v. Campbell*, 13 Ill.App.3d 237, 239, 300 N.E.2d 568.)" "[A] purely technical error which does not prejudice the defendant will not be deemed less than substantial compliance [with the rule] and therefore will not be cause for reversal of the conviction." *People v. Hudson*, 7 Ill.App.3d 800, 804, 288 N.E.2d 533.

■■ In the case at bar the record makes clear that defendant's plea of guilty was the product of negotiations between his attorney and the assistant State's Attorney. The State, it appears, agreed to reduce the offense with which defendant was charged and recommend a lenient sentence. The court informed defendant that it would accept the State's recommendation of a sentence of from 1 to 6 years. Defendant affirmed that he was "willing to accept such a penalty." In addition, defendant was fully advised of the rights he was waiving by entering a guilty plea. Under these circumstances it is obvious that, when taken in context, the court's statement that defendant could be sentenced to from "ten to fifteen or fifteen to twenty years" did not in any way prejudice defendant. There can be no doubt that the court did not intend to impose a sentence other than that which had been negotiated during plea discussions, and it is equally clear that defendant understood this. We find that the admonishment of the trial court was in substantial compliance with Rule 402 and therefore affirm the judgment entered below.

Affirmed.

BARRETT and LORENZ, JJ., concur.