THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALPHONSE MARTIN *et al.*, Defendants-Appellants.

Third District    No. 77-306

Opinion filed April 12, 1978.

Robert Agostinelli and Mark W. Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellants.

Edward Keefe, State's Attorney, of Rock Island (James E. Hinterlong and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendants, Alphonse Martin and James Martin, appeal from the sentences imposed on their convictions for attempt murder entered on guilty pleas. The circuit court of Rock Island County sentenced each of the defendants to a term of from 14 to 28 years.

The sole issue on appeal is whether the sentences imposed were excessive.

The factual basis for the pleas established that on November 22, 1976, Alphonse Martin shot his stepfather, John Martin, in the chest following a chase on foot. James Martin took part in the chase and also fired shots at his stepfather. The presentence reports revealed James was 18 years old and Alphonse was 17. Both defendants had prior juvenile records, but did not have any felony convictions.

At the sentencing hearing, the evidence presented revealed that on the evening preceding the shooting, John Martin had an argument with James

Martin and threw him out of the house, threatening to kill him. It appears that John Martin had previously threatened Alphonse. Mrs. Martin said that John had been drinking and had started the argument. Later that evening, James fired several shots at John outside the Martin home. There was conflicting evidence as to whether or not John was armed with a shotgun when the shots were fired, but when police arrived at the scene they confiscated a shotgun from John.

The next morning Mrs. Martin got into another argument with her husband and John hit his wife on the shoulder, dislocating it and requiring Mrs. Martin to go to a hospital for treatment. It appears there was a history of physical abuse in the Martin home. Upon learning of their mother's injury, James and Alphonse determined to "get" John. When John returned home, James fired several shots at him. John began running, pursued by James and Alphonse. Defendants caught John on the porch of a neighboring home and Alphonse put a gun to John's head, but it misfired. Alphonse then shot John in the chest and after John fell, James kicked him. The police then arrived upon the scene. The injury caused by the bullet deprived John of the full use of his left arm and prevented him from returning to work.

James and Alphonse testified that they shot John because he had "jumped on" their mother, but acknowledged that it would have been better to call the police. Several character witnesses testified that the defendants were good boys.

■■ The trial court, describing the defendants as vicious and brutal and likening them to parasites, sentenced each of the defendants to a term of from 14 to 28 years in the penitentiary. The trial court failed to advise defendants pursuant to Supreme Court Rule 605(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 605(b)). Defendants did not file motions to withdraw their guilty pleas as required by Supreme Court Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)), but did file timely notices of appeal. The State has not argued that the failure to file a motion to withdraw a guilty plea prevents us from considering defendants' appeal on the merits. In light of the failure of the court to admonish defendants in accord with Supreme Court Rule 605(b), defendants did not waive any rights on appeal because of the failure to file a motion to withdraw their pleas of guilty. *People v. Theobald*, 43 Ill. App. 3d 897, 356 N.E.2d 1258.

Defendants claim that the sentences imposed are excessive because the trial court ignored important mitigating factors preceding the offense and because the sentences are more severe than sentences imposed in this state for more grievous offenses. The People respond by arguing the trial court correctly exercised its judicial discretion.

■■■ Sentencing is a matter of judicial discretion and should not be disturbed on appeal absent a showing of abuse of that discretion. (*People*

*v. Thomas*, 38 Ill. App. 3d 689, 348 N.E.2d 285.) Reviewing courts have authority to reduce sentences imposed by trial judges, but that authority "should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do appellate tribunals." (*People v. Taylor*, 33 Ill. 2d 417, 424, 211 N.E.2d 673, 677.) A sentence should be reduced only if it is at great variance with the purposes and the spirit of the law. (*People v. Sprinkle*, 56 Ill. 2d 257, 307 N.E.2d 161.) While we may not have imposed the same sentence as did the trial court had the responsibility been ours in the first instance, we do not believe the trial court abused its discretion when it sentenced the defendants to terms of from 14 to 28 years. Although defendants correctly argue that their youth and the severe physical abuse the defendants' mother received from the victim are mitigating factors to be considered by the court, we do not find from the language employed in sentencing defendants that the trial court failed to consider all relevant factors. While the language of the court may be injudicious, it does not demonstrate that the court failed to consider mitigating factors placed in evidence. Furthermore, the mitigating effect of these factors is offset by the determined and concerted character of defendants' actions in attempting to slay their stepfather. As a result of these actions, the victim received debilitating injuries and only a fortuitous misfire prevented death.

■■ Defendants claim that other offenders convicted of more grievous crimes have received shorter sentences and therefore defendants' sentences are excessive. We find defendants' arguments unpersuasive. Comparison of the various aspects of a sentence, such as the length of the sentence and the aggravating and mitigating factors, is useful only in a general sense. Such a comparison may aid in determining whether or not the sentence is at great variance with the purpose and spirit of the law, but it cannot dictate the precise terms of a sentence. Each case must be judged on its own, taking into account facts peculiar to that case. After examining the cases cited by defendants, we believe that defendants' sentences are comparable to those received by defendants in other cases, considering the facts peculiar to defendants' cases. The trial court was within its discretion to impose the sentence which it did.

For the foregoing reasons the judgments and sentences imposed by the circuit court of Rock Island County are affirmed.

Judgments affirmed.

ALLOY, P. J., and SCOTT, J., concur.