THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES L. ROBINSON, Defendant-Appellant.

First District (5th Division)    No. 79-378

Opinion filed March 28, 1980.

James J. Doherty, Public Defender, of Chicago (John Thomas Moran and R. H. R. Silvertrust, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Mary Ellen Dienes, and Robert J. Kaiser, Jr., Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant appeals from a judgment of the circuit court denying his post-conviction petition. (Ill. Rev. Stat. 1977, ch. 38, par. 122—1 *et seq.*) He contends his plea of guilty was invalid because he was not properly admonished concerning the mandatory parole term which automatically was part of his sentence.

On July 17, 1975, defendant entered negotiated guilty pleas to rape and robbery. (Ill. Rev. Stat. 1973, ch. 38, pars. 11—1 and 18.1.) The court advised him that at its plea conference with defense counsel and the prosecution there was an agreement that upon the plea of guilty defendant would be sentenced to concurrent terms of four to six years for rape and two to six years for robbery; the State also was granted leave to *nolle prosequi* a charge of deviate sexual assault. Defendant agreed to this disposition. When the court explained the potential statutory minimum and maximum terms to which he could be sentenced for these offenses, the assistant State's Attorney interjected that there was the "possibility" of a three-year parole term for robbery and a five-year parole term for rape. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)(1),(e)(2).) Defendant responded that he understood.

On March 19, 1976, defendant filed his *pro se* post-conviction petition in which he sought to set aside his guilty plea because he had not been advised of the mandatory parole term. A supplemental petition was then filed in which it was re-alleged that he was never advised that he would have to also serve the mandatorily required parole terms.

In denying him post-conviction relief without an evidentiary hearing the trial court commented that advising defendant that there was a "possibility" of a parole term was not equivalent to telling him that the parole term was mandatory. The trial court, however, concluded, *inter alia*, that upon the record defendant was not deprived of a constitutional right.

Defendant initially contends that this court should specifically enforce the plea agreement and excise the mandatory parole terms from the agreed sentences. He claims that the record does not show his full understanding of the mandatory nature of the parole term thereby depriving him of effective assistance of counsel. He principally relies on *Cooper v. United States* (4th Cir. 1979), 594 F.2d 12. *Cooper* involved a situation where the terms of a plea agreement were withdrawn by the prosecution shortly after defendant agreed to accept the agreement but before his counsel could communicate this acceptance to the prosecution. The court stated at page 18:

> "We hold instead that under appropriate circumstances—which we find here—a constitutional right to enforcement of plea proposals may arise before any technical 'contract' has been formed, and on the basis alone of expectations reasonably formed in reliance upon the honor of the government in making and abiding by its proposals."

The court of appeals reasoned that its holding was predicated on constitutional concepts of effective assistance of counsel and fundamental fairness concepts of substantive due process.

We note that the Third Circuit Court of Appeals has clearly rejected the reasoning of *Cooper* absent a showing of detrimental reliance by the defendant. (*Virgin Islands v. Scotland* (3d Cir., 1980), 614 F.2d 360, 48 U.S.L.W. 2554.) Moreover, in *People v. Young* (1977), 52 Ill. App. 3d 671, 674, 367 N.E.2d 976, the appellate court rejected the application of the concept of specific performance of alleged plea bargain terms. Since at no time in the present case did defendant allege that he would not have pleaded guilty had he been thoroughly advised on the record of the concept of the mandatory parole term, we do not believe that further consideration of the question of specific performance of the guilty plea terms is necessary.

Alternatively, defendant argues that his guilty pleas should be set aside because he was not advised of the mandatory nature of the parole term and the fact that he was actually receiving such a sentence. He relies on several Federal decisions (*United States ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 130, and *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185) and *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, to establish his constitutional right to be advised in this regard.

*Baker* involved a negotiated plea of guilty by the petitioner to certain offenses, and he received the agreed-upon sentences. However, neither counsel nor the trial court advised petitioner of the parole term which was part of the sentences. The Federal court concluded the plea was unfairly

induced because petitioner acted to his detriment when he received a more onerous sentence than he agreed to.

In *Ferris* the trial court had erroneously advised petitioner that, if he served the maximum term of the agreed sentence, no parole liability would arise. Citing *Baker,* the court in *Ferris* set aside the statutory parole term as part of the sentence because petitioner did not receive the benefit of his bargain.

Finally, in *People v. McCoy,* our supreme court sustained the guilty plea because the trial court advised defendant that it could impose substantially greater sentences upon him than the sentences negotiated by counsel. Thus the defendant was not prejudiced by the failure to advise him of the mandatory parole term because the sentence the court could have imposed exceeded the combined length of the recommended sentence and parole term.

Examination of the factual situation in *McCoy* shows that the rationale of that decision is not totally applicable. Rather the present situation more clearly approximates the circumstances of *Baker* and *Ferris.* However, we respectfully decline to accept the conclusions reached in those decisions. We base this determination on *People v. McCollum* (1979), 71 Ill. App. 3d 531, 390 N.E.2d 16, which adopted the same posture in regard to *Baker* and *Ferris.*

In *People v. McCollum* the defendant was advised of a parole term which was shorter than the term applicable for the offense and which was characterized as discretionary. As here, defendant presented a collateral attack upon the plea claiming the parole admonishments were deficient. In denying relief to defendant this court noted that the deficiency in the parole admonishment was but one factor to be considered in evaluating whether the plea was voluntarily and intelligently made. (*People v. Wills* (1975), 61 Ill. 2d 105, 111, 330 N.E.2d 505.) This court in *McCollum* then examined the plea proceedings and concluded the plea was voluntarily and intelligently entered.[1]

We note that in *United States v. Timmreck* (1979), 441 U.S. 780, 60 L. Ed. 2d 634, 99 S. Ct. 2085, the Supreme Court held that a party who entered a plea of guilty in Federal court, could not collaterally attack his plea by claiming he was not advised of the mandatory parole aspect of his Federal sentence under Rule 11 of the Federal Rules of Criminal Procedure which concerns the entry of guilty pleas in Federal court. The Supreme Court said that a violation of Rule 11 is neither of constitutional nor jurisdictional magnitude. It observed that the respondent did not say

---

[1] The guilty plea in *McCollum* was entered prior to our supreme court's decision in *Wills,* which prospectively required admonishment regarding the mandatory parole term. However, we do not believe that the present plea of guilty, entered after the *Wills* decision, is necessarily affected by failure to give the admonishment. See *People v. Coultas* (1979), 75 Ill. App. 3d 137, 394 N.E.2d 26.

he was not aware of the mandatory parole term or, as in this case, that he would not have pleaded guilty had he known of the term. The Supreme Court concluded that respondent could not assert that there had been a " 'complete miscarriage of justice' " or that the procedure adopted was " 'inconsistent with the rudimentary demands of fair procedure.' " 441 U.S. 780, 784, 60 L. Ed. 2d 634, 638, 99 S. Ct. 2085, 2087.

The present case is analogous to *Timmreck* in that defendant in this case did not contend in his *pro se* or amended post-conviction petitions that he would not have pleaded guilty had he known of the mandatory parole term. Further, as in *McCollum*, the present defendant was made aware of the parole term by the assistant State's Attorney although such advice could be construed as suggesting the parole terms were discretionary. In other respects the admonishments were in substantial compliance with Supreme Court Rule 402. (Ill. Rev. Stat. 1975, ch. 110A, par. 402.) The record provides no basis to support defendant's conclusion that the pleas were not voluntarily or intelligently made.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.