THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM MILLER, Defendant-Appellant.

First District (4th Division)    No. 80-1406

Opinion filed July 15, 1982.

ROMITI, J., dissenting.

Robert P. Burns, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Michele A. Grimaldi, and Barbara A. Levin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LINN delivered the opinion of the court:

Following a plea of guilty in the circuit court of Cook County, defendant, William Miller, was convicted of murder, attempted murder, attempted armed robbery, and aggravated battery (Ill.. Rev. Stat. 1979, ch. 38, pars. 9—1, 8—4, 18—2, and 12—4), and found not guilty of armed violence (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2). Defendant was sentenced to 20 years in the Illinois Department of Corrections for the offense of murder, and to concurrent terms of 6 years for the offenses of attempted murder and attempted armed robbery and 4 years for the offense of aggravated battery.

Defendant asks this court to reverse his convictions, arguing that (1) defendant's failure to file a written motion to withdraw his guilty plea (73 Ill. 2d R. 604(d)) is not a bar to this appeal because the trial judge failed to advise defendant how to preserve his right to appeal as required by Supreme Court Rule 605(b) (73 Ill. 2d R. 605(b)); (2) the trial judge substantially failed to comply with Supreme Court Rule 402 (73 Ill. 2d R. 402) in that the trial judge failed to instruct defendant as to (a) the mandatory supervised release periods that attached to defendant's convictions, (b) defendant's right to confront and cross-examine the witnesses against him, (c) defendant's privilege against self-incrimination, (d) the sentences applicable to the various convictions, and (e) defendant's right to persist in a plea of not guilty, and failed to inquire whether any threats or promises other than the plea agreement were used to obtain the plea; (3) the trial judge violated defendant's fourteenth amendment due process rights (U.S. Const., amend. XIV) by these same failures; (4) the trial judge abused his discretion by failing to conduct proceedings relevant to defendant's oral motion to withdraw his guilty plea.

We affirm.

FACTS

On August 8, 1980, counsel for defendant sought leave in the circuit court of Cook County to withdraw defendant's previously entered plea of not guilty to the charges and enter a plea of guilty (Ill. Rev. Stat. 1979, ch. 38, par. 115—2). After defendant told the trial judge that he did wish to plead guilty, the trial judge admonished defendant that he was charged with murder, armed violence, attempted murder, attempted armed robbery, and aggravated battery. The trial judge informed defendant that the possible sentence for murder was 20 to 40 years; for armed violence and for attempted murder, 6 to 30 years; for attempted armed robbery, 3

to 7 years; and for aggravated battery, 2 to 5 years. The trial judge then stated, "As to each of these offenses, without murder being included, the Court can also impose what is called a mandatory supervised release period on you of up to a period of three years as to each of these—on each of these charges. Do you understand what you are charged with, and what the possible sentence is as to each of these charges?" Defendant answered yes.

The trial judge then told defendant that by pleading guilty defendant would give up his constitutional right to a jury trial or, if he wished, a bench trial. Defendant stated that it was his wish that he not go to trial. The trial judge thereupon informed defendant that as a result of the plea bargain conference defendant would receive a sentence of 20 years for the offense of murder, with the shorter sentences for each of the other offenses described above to be served concurrently. After defendant stated that he understood the sentences he would receive on his plea of guilty, the trial judge said, "Let the record show that the defendant has been duly warned of the consequences of his plea, and after being so warned, he persists."

The State's Attorney was then asked to set forth the factual basis for the guilty plea. He summarized as follows the anticipated testimony from several witnesses, to which defense counsel stipulated.

At 1:30 a.m. on October 22, 1979, five men were shot in an alley at 25th and California by a man armed with a pistol. One of the victims died of gunshot wounds to the chest. A statement made on October 25, 1979, by defendant to a police investigator was also admitted into evidence by stipulation. Defendant had stated that about 1:30 a.m. on October 22, 1979, he went to 25th and California with a codefendant, Paco Rodriguez, after Rodriguez took a pistol from his house and said, "Let's rob somebody." Defendant said that he (defendant) trained the pistol on the five victims in an alley while Rodriguez told them to give him their money. When the victims refused to do so, defendant stated, he gave the gun to Rodriguez, who shot all five men.

One of the victims died. The other four victims sustained gunshot wounds. The bullet removed from the body of the deceased victim was analyzed at the police crime laboratory, which determined that it had come from the gun used by defendant and Rodriguez.

The trial judge ruled that these stipulated facts provided a sufficient basis for a plea of guilty, and accordingly accepted defendant's plea. The trial judge found defendant guilty of murder, attempted murder, attempted armed robbery, and aggravated battery and entered judgment on each of the findings.

At the sentencing hearing on April 22, 1980, defendant, who was represented by counsel, told the court, "I would like to withdraw my plea,

because I didn't quite understand the proceedings." The trial judge denied this request and sentenced defendant to 20 years for the murder and shorter concurrent sentences for the other convictions as outlined above. The trial judge advised defendant that he had 30 days within which to file a written and sworn petition setting forth sufficient legal reasons why he should be permitted to withdraw his plea of guilty. Defendant filed no such petition; he filed a notice of appeal on May 13, 1980.

OPINION

The first issue that must be addressed in this appeal is whether, in view of the trial judge's failure to advise defendant of his right to appeal as required by Supreme Court Rule 605(b), defendant has waived his right to appeal by failing to present to the trial court a motion under Supreme Court Rule 604(d) to withdraw his guilty plea and vacate the judgment. Supreme Court Rule 604(d) provides that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment." (73 Ill. 2d R. 604(d).) Accordingly, it has been held that a written motion to withdraw a guilty plea is a prerequisite to an appeal of a judgment of conviction entered on the plea. (*People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254; *People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46; *People v. Newbolds* (1981), 98 Ill. App. 3d 1018, 425 N.E.2d 9.) A notice of appeal filed within the 30-day period does not satisfy the requirement of Rule 604(d). (*People v. Frey.*) However, an exception to the requirement exists where the trial court has failed to admonish the defendant in accordance with Supreme Court Rule 605(b). *People v. Newbolds*; *People v. Gramlich* (1979), 69 Ill. App. 3d 23, 386 N.E.2d 1171; *People v. Martin* (1978), 58 Ill. App. 3d 915, 374 N.E.2d 1156.

Rule 605(b) provides, in pertinent part, as follows:

"In all cases in which a judgment is entered upon a plea of guilty, at the time of imposing sentence, the trial court shall advise the defendant substantially as follows:

(1) That he has a right to appeal;

(2) That prior to taking an appeal he must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw his plea of guilty, setting forth his grounds for the motion;

* * *

(6) That in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw his plea of guilty shall be deemed waived." 73 Ill. 2d R. 605(b)(1), (2) and (6).

■■ In this case, after sentencing, the trial judge informed defendant only that he had 30 days within which to file a written petition setting forth sufficient legal reasons to permit withdrawal of the guilty plea. The trial judge not only failed to inform defendant of his right to appeal, but also failed to inform him that the written motion was a condition precedent to defendant's right to appeal, and that failure to file the written motion would waive any claim of error in the trial court proceedings. In view of these omissions, we hold that defendant did not waive his right to appeal his convictions, and we will consider defendant's appeal. See *People v. Gramlich* (1979), 69 Ill. App. 3d 23, 386 N.E.2d 1171; *People v. Martin* (1978), 58 Ill. App. 3d 915, 374 N.E.2d 1156; *People v. Theobald* (1976), 43 Ill. App. 3d 897, 356 N.E.2d 1258.

Defendant maintains that the trial judge substantially failed to comply with Supreme Court Rule 402, and also denied him his fourteenth amendment right to due process, by omitting the admonishments outlined in the statement of issues above. The United States Supreme Court has held that due process requires that the record affirmatively demonstrate that a criminal defendant's plea of guilty was made knowingly and voluntarily. (*Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709.) A year after the *Boykin* decision, Supreme Court Rule 402 was adopted to ensure that the Illinois procedure on pleas of guilty conformed to this requirement. (Ill. Ann. Stat., ch. 110A, par. 402, Committee Comments and Historical & Practice Notes, at 529-32 (Smith-Hurd 1976).) Supreme Court Rule 402 states,

"In hearings on pleas of guilty, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he pleads guilty there will not be a trial of any kind, so that by pleading guilty he waives the right to a trial by jury and the right to be confronted with the witnesses against him." 73 Ill. 2d R. 402.

The record indicates that at the hearing at which defendant withdrew

his plea of not guilty and sought leave to enter a plea of guilty, the trial court informed defendant of the charges against him and the minimum and maximum sentences that he could receive if convicted of those offenses. The following dialogue then took place:

"The Court: As to each of these offenses, without murder being included, the Court can also impose what is called a mandatory supervised release period on you of up to a period of three years as to each of these—on each of these charges.

Do you understand what you are charged with, and what the possible sentence is as to each of these charges?

The Defendant: Yes, your Honor.

The Court: Do you understand that by pleading guilty to the charges, you will lose your Constitutional right to a jury trial, and/or, if you didn't wish to have a jury, you would lose your Constitutional right to a trial by the Court sitting without a jury.

The Court should add, that two days ago, a jury was selected in this case, and is presently seated in the jury room, awaiting commencement of these proceedings with reference to Mr. Miller.

And I understand that that jury will now be dismissed, and will not hear any of the evidence in this case.

Is that what you wish?

The Defendant: Yes."

The court then informed defendant of the concurrent sentences he would receive, the longest being 20 years for the offense of murder, which defendant acknowledged he understood. The court then said, "Let the record show that the defendant has been duly warned of the consequences of his plea, and after being so warned, he persists."

Defendant argues that as a result of the admonishments quoted above, he was not made aware of the mandatory supervised release term that would be imposed in addition to the term of imprisonment as provided by the Illinois Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(d)(1)):

"Except where a term of natural life is imposed, every sentence shall include as though written therein a term in addition to the term of imprisonment. * * * [S]uch term shall be identified as a mandatory supervised release term. * * * [T]he parole or mandatory supervised release term shall be as follows:

(1) for murder or a Class X felony, 3 years."

Therefore, defendant claims, his plea of guilty was not voluntarily and understandingly entered.

A review of the pronouncements of the Illinois Supreme Court on the issue of what constitutes compliance with Rule 402 provides guidance in evaluating the merit of defendant's argument. In *People v. Krantz* (1974),

58 Ill. 2d 187, 317 N.E.2d 559, the court stated that "Rule 402 was designed to insure properly entered pleas of guilty, not to provide for merely an incantation or ceremonial." (58 Ill. 2d 187, 194-95, 317 N.E.2d 559, 564.) *Krantz* held that the rule requires only substantial, not literal, compliance with its provisions.

The following year, in *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, the supreme court "reconsidered the position taken in *People v. Krantz*" (61 Ill. 2d 105, 109, 330 N.E.2d 505, 508) and held that compliance with Rule 402(a)(2) requires that a defendant be admonished that the mandatory period of parole (now called a mandatory supervised release term) is part of the sentence to be imposed. (61 Ill. 2d 105, 109, 330 N.E.2d 505, 508.) However, the court held that this requirement did not require reversal of defendant Wills's conviction because he was admonished about the mandatory parole provision on the charge on which he received the greatest sentence, which would govern his eligibility for both parole and discharge.

The *Wills* court did not say that failure to include notice of the mandatory term in the admonishments given to a defendant who is pleading guilty automatically requires reversal of a judgment of conviction on the plea; it said that "failure to admonish a defendant concerning the mandatory period of parole is, of course, *a factor* to be considered in determining whether a plea of guilty was voluntarily and intelligently made." (Emphasis added.) (61 Ill. 2d 105, 111, 330 N.E.2d 505, 508.) Accordingly, even if we agree with defendant's claim that he was not properly admonished about the mandatory release term, we cannot agree with defendant's contention that his guilty plea was thereby rendered involuntary under *Wills*. Clearly, if the admonishment in question is *a* factor to be considered, the other circumstances surrounding the plea are also factors which should be considered before making a determination on the issue of the voluntariness of the plea.

■■ The supreme court spoke again in 1979 on the issue of whether "the plea of guilty 'was not knowingly and intelligently made for the reason that petitioner was not advised that in addition to the penitentiary sentence imposed he would also be required to serve three years on parole.'" (*People v. McCoy* (1979), 74 Ill. 2d 398, 400, 385 N.E.2d 696, 697.) Making no mention of *Wills* and its "reconsideration" of *Krantz*, the court in McCoy cited *Krantz* as follows: "While there appears to be no reason for failure to comply strictly with the explicitly stated requirements of Rule 402, *every deviation therefrom does not require reversal. That the plea was 'intelligent and voluntary' may be shown by substantial, and does not require literal, compliance with the provisions of Rule 402. People v. Krantz* (1974), 58 Ill. 2d 187, [317 N.E.2d 559]." (74 Ill. 2d 398, 402, 385 N.E.2d 696, 698.) Because the latest decision in this chronology

ignores *Wills* and cites *Krantz* with approval, we conclude that the rule applicable to this case is the rule quoted from *McCoy*. This court recently has held not only that Rule 402 requires substantial rather than literal compliance, but also that "even when the rule is not substantially complied with, a reviewing court will not vacate a guilty plea absent an allegation and proof of prejudice." *People v. Hoyer* (1981), 100 Ill. App. 3d 418, 420, 426 N.E.2d 1139, 1140.

■■ The record discloses that at the change of plea hearing, after defendant informed the trial judge that he wished to plead guilty, the trial judge immediately informed defendant of the charges against him and the possible sentences carried by each crime. Thus the defendant was made aware, even before the trial judge indicated his acceptance of the sentences agreed upon in the plea bargain conference, that defendant could be sentenced to a term of as much as 40 years for the crime of murder; as much as 30 years for armed violence and attempted murder; as much as 7 years for attempted armed robbery; and as much as 5 years for aggravated battery. When asked, "Do you understand what you are charged with, and what the possible sentence is as to each of these charges?" defendant replied, "Yes, your Honor."

The State cites *People v. Townsend* (1974), 22 Ill. App. 3d 691, 318 N.E.2d 156, for the rule that a purely technical error which does not prejudice a defendant will not be considered to be less than substantial compliance with Rule 402, and therefore will not warrant reversal of the conviction. (See also *People v. Hoyer* (1981), 100 Ill. App. 3d 418, 426 N.E.2d 1139.) The State then argues that the defendant here has not been prejudiced because the sentence imposed together with the mandatory supervised release period is considerably shorter than the 40-year sentence that defendant was told he could receive. We agree. "It is most unlikely * * * that given this advice in this case and considering the vicious nature of the crime that knowledge of the parole term would be anything more than an academic factor in defendant's decision to plead guilty." *People v. Briner* (1978), 57 Ill. App. 3d 327, 328, 373 N.E.2d 33, 35.

In dealing with a similar factual situation, the supreme court in *People v. McCoy* said, "The * * * sentence imposed, together with the mandatory parole period, are [*sic*] substantially less than the maximum * * * to which defendant knew he could be sentenced. Under these circumstances we hold that the record fails to show that defendant was denied a substantial constitutional right under either the Constitution of the United States or the Constitution of Illinois." (74 Ill. 2d 398, 403, 385 N.E.2d 696, 699.) Because we have found *McCoy* to be controlling, we are unpersuaded by defendant Miller's argument that the trial judge's failure to admonish him substantially as required by Rule 402 rendered his guilty plea involuntary.

■■ We hold further that defendant has suffered no deprivation of his constitutional rights. We have considered defendant's claim that *U.S. ex rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F. 2d 180, mandates a reversal of defendant's conviction because his right to due process of the law was violated by the trial judge. We note that a lower Federal court decision is not binding on this court until the issue is determined by the United States Supreme Court. (*People v. Stansberry* (1971), 47 Ill. 2d 541, 268 N.E.2d 431.) This court in *People v. Robinson* (1980), 82 Ill. App. 3d 937, 403 N.E.2d 604, rejected the argument that the due process rights of a defendant who had pleaded guilty had been violated by the trial court's failure to advise him of the mandatory parole term. The *Robinson* decision was based on the rationale of *Wills* and later Illinois cases (see, e.g., *People v. McCollum* (1979), 71 Ill. App. 3d 531, 390 N.E.2d 16) holding that the omission of certain Rule 402 admonitions was merely one factor in determining whether the guilty plea was voluntarily and intelligently entered. We agree with the reasoning in *Robinson*. "Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea." *United States v. Smith* (7th Cir. 1971), 440 F.2d 521, 529 (Stevens, J., dissenting).

Defendant does not argue that he was actually unaware of the mandatory supervised release term, nor does he claim that he would not have pleaded guilty had he been properly admonished about any of the particulars he claims were improperly omitted. The People argue persuasively that the trial judge's admonition to defendant that a plea of guilty would waive his right to a trial would make it clear that the plea would also waive those rights that are ancillary to a trial. Thus, it has been held that failure to inform a defendant that by pleading guilty he would waive his right to be confronted by witnesses is not reversible error (*People v. Sullivan* (1973), 12 Ill. App. 3d 394, 297 N.E.2d 586), and that a trial court is not required to admonish a defendant specifically of his privilege against self-incrimination (*People v. Bolden* (1972), 7 Ill. App. 3d 730, 288 N.E.2d 541).

Defendant's other claims of error are not factually supported by the record and require no further discussion. Because we have found that defendant's plea of guilty was entered knowingly and voluntarily, we hold that any specific omissions by the trial judge to admonish defendant under Supreme Court Rule 402 were harmless error. Defendant's convictions accordingly are affirmed.

Affirmed.

JOHNSON, P. J., concurs.

JUSTICE ROMITI, dissenting:

When defendant pled guilty he had been incorrectly informed by the trial court that the maximum sentence he would *in fact* receive would be 20 years, notwithstanding any prior statement by the court concerning a longer possible sentence. Yet defendant received a term of twenty years plus three years' mandatory supervised release. The court had also failed to inform the defendant that by giving up his right to a trial he was waiving the right to be confronted by witnesses. Nor did the court ever question defendant to determine whether coercion or other unstated promises were a factor in obtaining his plea. When this 17-year-old defendant, at the next available opportunity (his sentencing hearing), told the court he had not understood the proceedings and wished to withdraw his plea, the court summarily denied his request without any attempt to elicit the nature of defendant's claimed misunderstanding. The court then failed to adequately instruct the defendant on the significance of the requirement that he file a written petition setting out the legal basis of his request to withdraw his plea. On this record I cannot agree that the defendant knowingly and voluntarily pled guilty and therefore I must respectfully dissent.

I believe it important to stress that it is clear under Illinois Supreme Court cases construing Supreme Court Rule 402 (73 Ill. 2d R. 402), that the trial court is required to inform the defendant of any mandatory supervised release periods accompanying his jail sentences. *People v. Wills* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, so held, expressly overruling *People v. Krantz* (1974), 58 Ill. 2d 187, 317 N.E.2d 559. *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, applied the *Wills* holding although it found that despite that omission under the facts before it there was a voluntary and understanding plea. The majority seems to suggest that by citing to *Krantz* for the proposition that substantial rather than literal compliance with Rule 402 is all that is required, the court in *McCoy* somehow revived, *sub silentio*, the *Krantz* holding that Rule 402 does not by its literal terms require admonitions concerning mandatory supervised release periods. But, of course, the unchanging law since the adoption of Rule 402, as set out explicitly in that rule, has been that only substantial compliance was required. Thus citing to *Krantz* for that proposition did nothing to revive the separate holding of *Krantz* concerning the literal requirements of Rule 402.

The United States Court of Appeals, Seventh Circuit, has held that this omission alone, under circumstances where the defendant thus receives a longer sentence (including the mandatory supervised release term) than he was told he would receive, constitutes a violation of that defendant's constitutional right to due process. Thus, in *United States ex*

*rel. Baker v. Finkbeiner* (7th Cir. 1977), 551 F.2d 180, the defendant had pled guilty to a charge of armed violence after the trial court indicated it would concur in the State's recommendation of a one- to two-year sentence. The defendant was informed that the charge carried with it a one- to three-year possible jail term but was not told of an additional mandatory parole period of two years. Significantly, the reviewing court distinguished an earlier case in which a defendant was told he could receive up to 15 years' imprisonment but was not told of a mandatory three-year parole term. (*Bachner v. United States* (7th Cir. 1975), 517 F.2d 589.) The *Bachner* court had found no basis for vacating the defendant's guilty plea but the *Baker* court noted that in *Bachner* the trial judge had not indicated his concurrence in the plea negotiations. That judge had informed the defendant he could receive up to 15 years' imprisonment and then had sentenced the defendant to a term (including the unstated parole period) less than that period, so that there was no actual prejudice to the defendant. In *Baker*, which was an appeal from the denial of a *habeas corpus* petition, the court found that even under the stricter standard applicable to such a collateral attack there had been a due process violation because the two-year mandatory parole period which defendant received without being informed of it constituted a substantial addition to the one- to two-year prison term he was told he would receive. Subsequently the court in *United States ex rel. Ferris v. Finkbeiner* (7th Cir. 1977), 551 F.2d 185, also found such a due process violation where a defendant had pled guilty in exchange for a negotiated term of five to 10 years in prison but was incorrectly told by the trial court that the mandatory five-year parole period would not apply if he served the full 10-year term. See *United States ex rel. Williams v. Morris* (7th Cir. 1980), 633 F.2d 71, *vacated as moot sub nom. Lane v. Williams* (1982), ___ U.S. ___, 71 L. Ed. 2d 508, 102 S. Ct. 1322.

In *People v. McCoy* (1979), 74 Ill. 2d 398, 385 N.E.2d 696, the Illinois Supreme Court distinguished *Baker* and *Ferris* on precisely the grounds that make those cases on point here. The *McCoy* court noted that the defendant had only been promised a recommendation by the State of a one- to three-year sentence. He had been warned of the possibility of receiving 20 years. In fact that defendant received one to three years. Thus, even including the mandatory parole period of which he was not advised, the defendant received a lesser sentence than that which he was informed he might receive. Here as I have noted the defendant was affirmatively told by the court that he would receive a maximum of 20 years but in fact received an additional three years' supervised release. For that reason the decisions in *Baker* and *Ferris* are directly applicable. It is also noteworthy that the *McCoy* decision concerned a petition for post-conviction relief so that the defendant there was held to the high burden

of establishing a substantial denial of his constitutional rights. We are, of course, reviewing a direct appeal. I would therefore hold that under the reasoning of *Baker* and *Ferris* the defendant's due process rights were violated when he was not told of the mandatory supervised release period he would receive in addition to the stated term of 20 years in return for his plea of guilty. The majority correctly notes that these cases have not been followed by this court in the past. But those Illinois appellate court cases were either decided on the basis of the pre-*Wills* law that Rule 402 did not even require this admonishment (*People v. McCollum* (1979), 71 Ill. App. 3d 531, 390 N.E.2d 16; *People v. Cosey* (1978), 66 Ill. App. 3d 670, 384 N.E.2d 95; *People v. Reese* (1978), 66 Ill. App. 3d 199, 383 N.E.2d 759; *People ex rel. Swiderski v. Brierton* (1978), 65 Ill. App. 3d 153, 382 N.E.2d 628; *People v. Irons* (1977), 54 Ill. App. 3d 50, 369 N.E.2d 558 (all involving pleas entered before the effective date of *Wills*)), or they relied on those pre-*Wills* cases (*People v. Robinson* (1980), 82 Ill. App. 3d 937, 403 N.E.2d 604), or they factually resembled *McCoy* or *Bachner* in that the defendant in fact received a shorter sentence (including mandatory supervised release) than he was advised he might receive. (*People v. Coultas* (1979), 75 Ill. App. 3d 137, 394 N.E.2d 26.) In addition, all of these cases involved collateral attacks on convictions rather than direct appeals so that the defendants in those cases were faced with a more rigorous standard of review on appeal. I am persuaded by the Illinois Supreme Court's reasoning in *McCoy* that when faced with facts such as those presented to us in this case that court will choose to follow the Federal cases and thus bring uniformity to the law in this area. See *United States ex rel. Williams v. Morris* (7th Cir. 1979), 594 F.2d 614.

But even assuming that this ground alone does not suffice to require vacation of defendant's guilty plea, I would find that this omission, together with the other omissions I have cited, require a finding that the trial court failed to substantially comply with Rule 402 and that defendant did not voluntarily and intelligently plead guilty. (*People v. Waldorf* (1981), 94 Ill. App. 3d 976, 419 N.E.2d 428.) The majority, citing *People v. Sullivan* (1973), 12 Ill. App. 3d 394, 297 N.E.2d 586, appears to find that a defendant who is informed that he is waiving his right to a trial necessarily understands by that admonishment that he is waiving such "ancillary" rights as the right to confrontation of witnesses. Such a holding would render superfluous the specific admonishments established by Rule 402 and I do not construe *Sullivan* to so hold. In that case the defendant contended that he was not advised concerning his right to confront witnesses. The reviewing court first noted that the admonishment was not required under the then-applicable Supreme Court Rule 401(b). (Ill. Rev. Stat. 1969, ch. 110A, par. 401(b).) The court also found substantial compliance with Rule 402 and finally, noting that defendant was not

stranger to the criminal justice system, held that based on the record before it the defendant's plea was voluntarily and understandingly made. I do not construe this as indicating that admonishment of the right to trial includes by reference all rights "ancillary" to that trial. Nor can it be said, based on this record which contains no reference to any previous criminal history of the defendant, that at age 17 he was so familiar with the criminal justice system that he could be said to understand, without being told, the specific consequences of waiving his right to trial.

These latter factors, the defendant's young age and the absence from the record of any indication of prior criminal involvement, made it especially important that the trial judge comply with the Rule 402(b) requirement that the "court, by questioning the defendant personally in open court, * * * shall determine whether any force or threat or any promises, apart from a plea agreement, were used to obtain the plea." (73 Ill. 2d R. 402(b).) Contrary to the majority's suggestion of no factual basis for defendant's claim that this requirement was omitted, the State has conceded the omission but contends that the failure to so inquire was harmless error, citing *People v. Ellis* (1974), 59 Ill. 2d 255, 320 N.E.2d 15. For the reasons I have cited in this dissent I do not share the State's confidence that:

> "* * * upon review of the entire record it can be determined that the plea of guilty made under the terms of a plea agreement was voluntary, and was not made as the result of force, threats or promises other than the plea agreement * * *." (*People v. Ellis* (1974), 59 Ill. 2d 255, 257, 320 N.E.2d 15, 16.)

Accordingly I would reverse defendant's convictions and remand the cause so that he may plead anew.