# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 04-3223

ANDREW LOCKHART,

*Petitioner-Appellant,*

*v.*

NEDRA CHANDLER, Warden of the
Dixon Correctional Center,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 9194—**Suzanne B. Conlon**, *Judge.*

ARGUED FEBRUARY 8, 2006—DECIDED MAY 4, 2006

Before MANION, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* Andrew Lockhart pled guilty to murder in Illinois state court. He faced a prison sentence of 20 to 60 years, and ultimately received 35. Lockhart is before us now on the denial of his 28 U.S.C. § 2254 petition by the district court. Lockhart's sole claim is that the state trial judge failed to advise Lockhart at the change of plea hearing that a three-year period of mandatory supervised release ("MSR") would accompany the 35-year prison sentence. Therefore, according to Lockhart, the MSR should be eliminated from his sentence. The district court was not convinced, and for slightly different reasons, we agree, and affirm.

## I.  HISTORY

On April 4, 1993, Lockhart forced his way into his estranged wife's apartment, spoke with her for an hour, and then shot her. As she was lying on the ground, Lockhart shot her again at close range. On August 13, 1993, Lockhart pled guilty to one count of first degree murder, pursuant to a plea agreement. During the change of plea hearing, the state trial judge admonished Lockhart about the usual list of rights being waived, such as the right to a trial by jury and the right to call witnesses on his behalf. The trial judge also properly advised Lockhart of the minimum and maximum sentences he faced, should he elect to plead guilty. Lockhart stated he understood the consequences of his plea, and he pled guilty. It is undisputed Lockhart's only complaint is that the judge did not advise him of the MSR term, *see* 730 ILCS 5/5-8-1(d) ("[E]very sentence shall include as though written therein a term in addition to the term of imprisonment. . . . For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term."), a condition of his sentence that Lockhart did not learn about until later.

Lockhart's case followed the typical progression of appellate review through the state courts prior to the filing of his § 2254 petition in the district court. At every stage, his case was unsuccessful. We granted a certificate of appealability for the following issue: "[W]hether the state court violated [petitioner's] due process rights by failing to notify him before he pleaded guilty that a mandatory three-year term of supervised release would be appended to his sentence."

## II.  ANALYSIS

"[I]n habeas cases, we review the district court's factual findings for clear error and its legal conclusions de novo." *Charlton v. Davis*, 439 F.3d 369, 372 (7th Cir. 2006) (cita-

tion omitted). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), we may grant habeas corpus relief only if the state court's decision is contrary to or employs an unreasonable application of clearly established federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 367 (2000). A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision represents an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

Lockhart argues his due process rights were violated when the trial court failed to inform him of the three years of MSR that would follow his 35-year prison sentence. The district court found Lockhart had merely alleged a violation of Illinois Supreme Court Rule 402 in failing to advise of the MSR term.[1] That was not enough, said the district court, to show he was entitled to *federal* habeas relief. While it is certainly arguable that the Illinois trial court did not follow Rule 402, *see, e.g.*, *People v. Miller*, 438 N.E.2d 643, 648 (Ill. App. Ct. 1982) (citing *People v. Wills*, 508 N.E.2d 505, 508 (Ill. 1975)) (noting that Rule 402(a)(2)

---

[1] Without going into too much detail, suffice it to say Rule 402 requires an Illinois trial court to inform a defendant at a change of plea hearing of the nature of the charge, the minimum and maximum sentences, and the various rights the defendant is waiving by pleading guilty. Furthermore, the Rule requires, among other things, that the court determine whether the plea is voluntary.

requires that a defendant be advised of any MSR term), we part ways with the district court and find Lockhart's petition adequately raised a federal due process claim. His original petition is replete with references to an alleged violation of federal due process, with correct legal citations to previous rulings of this court (as well as Illinois cases) addressing federal due process claims. But therein lies the real root of Lockhart's problem: Pointing to mostly pre-AEDPA cases from this circuit as well as from Illinois is a far cry from showing the state court contradicted, or unreasonably applied, clearly established federal law *as determined by the Supreme Court*, which Lockhart is required to do.

In fact, cases from the Supreme Court on the subject tend only to cut against Lockhart's claim. There is no Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole. *See Lane v. Williams*, 455 U.S. 624, 630 n.9 (1982) ("We do not decide whether, to establish such a constitutional violation, respondents must claim that they in fact did not know of the parole requirement at the time they pleaded guilty or that they would not have pleaded guilty had they known of this consequence.").

Therefore, Lockhart faces an impossible hurdle in show-ing the state court contradicted, or unreasonably applied, clearly established federal law as determined by the Supreme Court because the Court has expressly declined to decide the issue. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) ("We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in federal

courts.") (citations omitted). As a result, there can be no Supreme Court precedent to be contradicted or unreasonably applied. In a similar vein, not only has Lockhart failed to point to a relevant Supreme Court case, but our own search, along with those of other federal courts, have also failed to locate such a case. *See Shabazz v. Perlman*, No. 04 Civ. 4355, 2005 WL 2105533, at *6 (S.D.N.Y. Sept. 1, 2005) (explaining that the district court was "unable to find any Supreme Court case that requires a state court judge to advise a defendant of mandatory post-release supervision before accepting a guilty plea"); *Lustyk v. Murray*, No. 03-CV-6186L, 2004 WL 1949473, at *2 (W.D.N.Y. Aug. 30, 2004) (explaining the district court could not find, nor could petitioner cite, to any Supreme Court case holding that a mandatory term of parole or post-release supervision is a direct consequence of a guilty plea).

The main thrust of Lockhart's argument on appeal is that "this Court (on multiple occasions) and the Illinois Supreme Court have held that the precise conduct which everyone now acknowledges occurred in the sentencing of Lockhart violated his federal constitutional rights." The cases Lockhart refers to (of which most were issued prior to the AEDPA and are over 20 years old) *cite* to cases from the United States Supreme Court, and therefore, according to Lockhart, his right to be informed of the MSR term was clearly established by the Supreme Court. But as the AEDPA makes clear, we (and state supreme courts) do not have the authority in these types of cases to establish new constitutional rights. While we may have cited to cases from the Supreme Court in those older cases, that action simply cannot be taken to mean the Supreme Court had determined that a right had been clearly established. Rather, under the explicit terms of the AEDPA, we must consider the actual language and analysis contained in Supreme Court cases to determine whether a right has been clearly established. As explained above, we are unable to discern

from the Supreme Court's cases that an individual like Lockhart had a clearly established right to be informed of the MSR, nor has Lockhart pointed to such a case.

### III. CONCLUSION

For the reasons set forth above, the district court's decision to deny Lockhart's § 2254 petition is AFFIRMED.

A true Copy:

      Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*